■ GLORIA VIOLA, as Administratrix C. T. A. of the Estate of FRANK SCANDORE, Deceased, et al., Respondents, v. NICHOLAS SCANDORE et al., Appellants.— In an action upon two series of promissory notes, arising out of independent transactions, in which action three counterclaims were interposed, defendants appeal (1) from an order of the Supreme Court, Queens County, entered November 25, 1959, granting plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon in favor of plaintiffs on their complaint and dismissing said counterclaims. Order and judgment affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ YETTA WAKSCHAL et al., Respondents, v. CENTURY ESTATES, INC., Appellant.— In an action by a wife to recover damages for personal injuries, and by her husband to recover damages for the loss of his wife's services, the defendant appeals from an order of the Supreme Court, Queens County, entered October 19, 1959, denying its motion to dismiss the complaint for failure to serve a copy thereof (Civ. Prac. Act, § 257). The action was commenced by service of the summons 18 months after the accident. Defendant appeared timely and demanded a copy of the complaint, but no copy thereof was served within the next two years. Order reversed on the facts and in the exercise of discretion, with $10 costs and disbursements, and motion granted. No explanation was made for the delay. Hence, in the proper exercise of discretion the motion should have been granted. Beldock, Acting P. J., Ughetta and Christ, JJ., concur; Kleinfeld and Brennan, JJ., dissent and vote to affirm, with the following memorandum: A copy of the verified complaint, an affidavit by plaintiffs' attorney, a stipulation substituting attorneys, and an affidavit of merits were included in the papers in opposition to the motion. The motion was denied on the ground that a verified complaint had actually been served. The record does not indicate that defendant's attorneys rejected or returned the complaint, or that they informed the Special Term that the complaint had been rejected or returned. Under the circumstances shown, it should not be held that the Special Term improvidently exercised its discretion.

■ JULIUS ZIMMERMAN, Appellant-Respondent, v. ENTERPRISE WALL PAPER MANUFACTURING COMPANY, Respondent-Appellant.— In an action to recover salesman's commissions and damages for the breach of an employment contract, the appeals are (1) by plaintiff, from so much of an order of the Supreme Court, Queens County, entered September 17, 1959, as grants defendant's motion for summary judgment dismissing the first cause of action and denies plaintiff's motion to strike the defense of *res judicata* insofar as it is pleaded in answer to said first cause of action; and (2) by defendant, from so much of the same order as denies defendant's motion to dismiss the second cause of action and grants plaintiff's motion to strike the defense of *res judicata* insofar as it is pleaded in answer to said second cause of action. Order, insofar as appealed from, affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.