■ SVILKA SAKVARELIDZE et al., Respondents, v. WILLIAM A. EPSTEIN, Appellant, et al., Defendants.— In an action to recover damages for alleged malpractice, defendant Epstein appeals from an order of the Supreme Court, Queens County, dated October 16, 1973, which denied his motion to dismiss the action for failure to serve a complaint in response to his demand therefor (CPLR 3012, subd. [b]). Order reversed, with $20 costs and disbursements, on the facts, motion granted and action dismissed as to defendant Epstein. Appellant's first motion to dismiss was made about six months after his demand for a complaint. That motion was never decided on the merits but, after numerous adjournments, was stricken from the calendar more than six months later. Plaintiffs thereafter served a complaint which was promptly returned by appellant, who thereafter again moved to dismiss the action, pursuant to CPLR 3012 (subd. [b]), for failure to timely serve a complaint in response to his demand therefor. Special Term denied the motion "in the interest of justice", commenting that there was laches by all parties concerned. We find such a conclusion wholly unsupported by the instant record. Plaintiffs have failed to demonstrate an adequate excuse for the inordinate delay in serving a complaint in response to appellant's demand therefor and, also, have failed to submit an affidavit of merits. Under such circumstances, we deem it to have been an improvident exercise of Special Term's discretion to deny appellant's motion (*O'Halloran v. Eller,* 43 A D 2d 955; *Hellner v. Mannow,* 41 A D 2d 525; *Wilkening v. Fogarty,* 40 A D 2d 1031; *Melfi v. Nash,* 40 A D 2d 1017; *Scala v. Fuller,* 39 A D 2d 767). Nor does the fact that a complaint was served, and promptly rejected, after the first motion to dismiss was marked off the calendar affect the validity of the instant motion to dismiss (*Wilkening v. Fogarty, supra;* see, also, *Boardman v. Glissando Enterprises of N. J.,* 41 A D 2d 523). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.