■ ABRAM GELCH et al., Respondents, v. MALRICH REALTY CORP., Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated May 10, 1974, which conditionally denied its motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action for failure to timely serve a complaint. Order reversed, on the law, with $20 costs and disbursements, and motion granted unconditionally. Plaintiffs failed to serve a complaint for approximately 28 months after a written demand therefor by defendant. Special Term should not have permitted plaintiffs to serve their complaint in the absence of a motion by them to be relieved of their default (*Simons* v. *Sanford Plaza*, 44 A D 2d 710; *Beckham* v. *Lefferts Gen. Hosp.*, 36 A D 2d 726). Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property in Richmond Parkway, Section II, in the Borough of Richmond. FRED P. GOLDHIRSCH et al., Respondents.— In a condemnation proceeding, the condemnor (city) appeals from the second, separate and partial final decree of the Supreme Court, Richmond County, dated December 29, 1972, which, after a nonjury trial, *inter alia,* fixed the compensation to which the owners of the damage parcels listed in the abstract annexed to the decree are entitled. Decree reversed, on the law and the facts, with one bill of costs jointly against respondents appearing separately and filing separate briefs, and new trial granted for the purpose of determining the actual damage to the easement-encumbered parcels as a result of the grading thereof, in accordance herewith. We find that the grading easements did not give the city the right to bar access in any manner (*Matter of City of New York* [*Quintard St.*], 47 A D 2d 644). Any future barring of access would constitute *de facto* appropriation, for which respondents would be newly entitled to compensation. The award upon the new trial shall be determined on the basis of actual damage to the easement-encumbered parcels as frontage along the Richmond Parkway service road, qua permanent easement and not qua fee. To this shall be added an evaluation of damages for the two-year, nine-month period of intrusion upon the parcels for the purpose of performing the grading work. The determination shall not include any award for alleged consequential damage to the rest of respondents' land. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.