■ Rosemarie Ferreri, Respondent, v Winston Mall, Inc., Appellant. —In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Rockland County, dated April 29, 1975, which denied its motion to dismiss the action for failure to timely serve a complaint pursuant to CPLR 3012 (subd [b]). Order reversed, on the law and the facts, with $50 costs and disbursements, and motion granted. Plaintiff was injured on December 22, 1970. This action was commenced by service of a summons only on November 16, 1973, some 35 months subsequent to the date of injury. On January 4, 1974 defendant served a notice of appearance and demand for service of a complaint, followed by two letters, dated June 24, 1974 and October 9, 1974, respectively, further requesting service of the complaint—all of which were ignored. On January 29, 1975 defendant made its motion to dismiss for failure to serve the complaint, returnable on February 14, 1975. On January 30, 1975—13 months after the first demand therefor—plaintiff served an unverified complaint. We view plaintiff's failure to serve her complaint during the 13-month period between the first demand therefor and defendant's motion to dismiss as constituting an inordinate delay under the particular facts and circumstances of this case. Plaintiff also failed to submit an affidavit of merits in opposition to the motion. The affirmation of plaintiff's attorney, submitted in

lieu thereof, is unacceptable. Accordingly it was an improvident exercise of discretion for Special Term to have denied the motion (see *Delia v Ramapo Gen. Hosp.,* 47 AD2d 522; *Sakvarelidze v Epstein,* 45 AD2d 864; *Simons v Sanford Plaza,* 44 AD2d 710). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.