■ PATRICIA DZUS, Respondent-Appellant, v THEODORE DZUS, JR., Appellant-Respondent.—In an action for a separation, the defendant husband appeals, as limited by his notice of appeal and brief, and the plaintiff wife cross-appeals, from stated portions of a judgment of the Supreme Court, Suffolk County, entered June 8, 1978, which, *inter alia,* (1) awarded alimony and child support, (2) provided for an upward adjustment of alimony and child support payments based upon a percentage of any future increases in the defendant's net income, (3) awarded counsel fees, and (4) required the defendant to reimburse the plaintiff for certain antecedent debts. Judgment modified, on the law and the facts, by (1) deleting the provisions requiring the defendant to reimburse the plaintiff for certain antecedent debts, which have not been set forth as a separate cause of action (see *Schapiro v Schapiro,* 27 AD2d 667); (2) deleting the provision providing for an upward adjustment of alimony and child support payments based upon a percentage of any future increases in the defendant's net income (see *Roscini v Roscini,* 41 AD2d 895); and (3) increasing the award for alimony to $100 per week while plaintiff and the children remain in the marital home, and further increasing the award of alimony to $150 per week and child support to $75 per week per child, if and when plaintiff and the children vacate the home for any reason. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion in the light of all the facts disclosed in this record the weekly award of alimony and child support was inadequate to the extent indicated herein. Martuscello, J. P., Latham, Cohalan and Hawkins, JJ., concur.

■ FRANCINE D. GREENBERG et al., Appellants, v WALCLIFFE SWIMMING CLUB, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Rockland County, dated September 28, 1977, which granted defendants' motion to dismiss the action for failure to serve a complaint. Order affirmed, without costs or disbursements. This action was commenced by service of a summons only on July 15, 1976, three years after the injury. A notice of appearance and demand for a complaint was served on August 30, 1976. A complaint verified on September 6, 1977—more than one year after the demand—which was attached by the plaintiffs to an affirmation in opposition to a motion to dismiss the action, was rejected as untimely. The plaintiffs also failed to submit a proper affidavit of merits in opposition to the motion. Accordingly, it was not an improvident exercise of discretion to grant the motion (see *Ferreri v Winston Mall,* 54 AD2d 970, 971). Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.

■ NUMAX ELECTRONICS INCORPORATED, Respondent, v QUASAR MICROSYSTEMS INC., Appellant.—Two orders of the Supreme Court, Suffolk County, each dated July 12, 1978, affirmed, without costs or disbursements. No opinion. Plaintiff's time to pay defendant the $350 is extended until 30 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.