OPINION OF THE COURT
Gabrielli, J.
In this action for personal injuries resulting from an explosion of a gas stove, defendant manufacturer seeks to have the cause of action dismissed on the grounds specified in CPLR 3012 (subd [b]). That provision authorizes a defendant to serve a demand for a complaint upon the plaintiff where the action has been commenced by service of summons alone and to move for dismissal if the complaint is not furnished within 20 *598 days following service of the demand. Special Term denied the dismissal motion, primarily because it found that the defendant in this case had not been prejudiced by the plaintiff’s delay in serving the complaint. The Appellate Division affirmed, without opinion, and certified the following question of law for consideration by this court: "Did the order of the Supreme Court, as affirmed by this Court, constitute an abuse of discretion as a matter of law?” (See CPLR 5602, subd [b], par 1; 5713.)
 Preliminarily, we note that the issue thus certified by the Appellate Division does pose a question of law "decisive of the correctness of its determination” (CPLR 5713; see Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599). While it is true that this court has no power to review an exercise of discretion by the courts below in the ordinary case (see Cohen and Karger, Powers of the New York Court of Appeals, pp 368-369), the possibility that the lower court’s discretion was abused does give rise to a question of law that is cognizable in this court. Hence, this court could conclude in the present appeal that Special Term abused its discretion by denying defendant’s request for relief and, if we so held, our resolution of the certified question would be "decisive”, since it would mandate a reversal of the result reached below (Bata v Bata, 304 NY 51; Cohen and Karger, Powers of the New York Court of Appeals, p 377; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5602.12, n 38; par 5602.13; cf. Silver v Great Amer. Ins. Co., 29 NY2d 356; New York Post Corp. v Kelley, 296 NY 178).[1]
*599 Turning to the merits, we find that, as a matter of law, there was such an abuse of discretion in this case. Although the lower courts enjoy considerable latitude in determining whether to dismiss an action pursuant to CPLR 3012 (subd [b]) (see Sortino v Fisher, 20 AD2d 25, 27-28), the cases suggest that their decisions must be based upon a genuine consideration of several specific factors.
First, in order to avoid dismissal for failure timely to serve a complaint, the plaintiff must demonstrate a reasonable excuse for the delay (e.g., Odess v Medical Center, Teamster Local 1034, 67 AD2d 941; Hellner v Mannow, 41 AD2d 525, app dsmd 32 NY2d 897; Graziano v Albanese, 24 AD2d 712; cf. Di Russo v Kravitz, 27 AD2d 926, affd 21 NY2d 1008). While the decision as to what constitutes a reasonable excuse ordinarily lies within the sound discretion of the trial court, we would stress that those excuses which may be roughly categorized under the heading of "law office failures” cannot properly serve as a basis for defeating a motion to dismiss under CPLR 3012 (subd [b]) (e.g., Ferrentino v Farragut Gardens No. 5, 35 AD2d 815, app dsmd 28 NY2d 579; Kriegsman v Rosenfeld, 35 AD2d 693; Wade v Miele, 34 AD2d 656; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.15).
Second, in addition to showing an adequate justification for delay in serving the complaint, the plaintiff must also demonstrate to the court that the claim against the defendant has legal merit (e.g., De Stefano v Nash, 40 AD2d 1010; Beckham v Lefferts Gen. Hosp., 36 AD2d 726; see Siegel, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR 3012, pp 590-591). This requirement may be satisfied by the filing of one or more "affidavits of merit” containing evidentiary facts and attested to by individuals with personal knowledge of those facts (cf. Andreano v Testa, 64 AD2d 1019; Ferreri v Winston Mall, 54 AD2d 970; Sortino v Fisher, supra, at pp 31-32). As a general rule, these affidavits must be sufficient to establish prima facie that the plaintiff has a good cause of action. We note, however, that there can be no rigid standards in this context and that, consequently, decisions concerning the sufficiency of a plaintiff’s affidavits of merit should ordinarily be left to the discretion of the lower courts.
Finally, we recognize that a variety of other factors such as the length of the delay, the complexity of the facts underlying the plaintiff’s claim and the existence of prior settlement negotiations may have a bearing upon a court’s decision to *600 grant or deny relief under CPLR 3012 (subd [b]) (see Sortino v Fisher, 20 AD2d 25, supra). Because the circumstances which may cause a plaintiff to postpone service of his complaint are too numerous and varied to be categorized in any systematic fashion, we are reluctant to adopt an inflexible set of rules to govern the lower courts’ decisions in this area. Rather, we prefer to confine the scope of our review in these cases to instances in which the lower court has abused its discretionary authority by ignoring the significant factors, or by granting or denying relief on the basis of plainly impermissible considerations.
The decision of Special Term in this case is illustrative. The court based its decision, in large measure, upon its conclusion that defendant had not been prejudiced by the plaintiff’s five and one-half month delay in serving a complaint. Yet, as we have recently noted, the absence of prejudice to the defendant cannot serve as a basis for withholding relief under CPLR 3012 (subd [b]) (Verre v Rosas, 47 NY2d 795; see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.15). Moreover, although Special Term found that plaintiff had a meritorious cause of action, its finding is without support, since it was based solely upon the affidavit of plaintiff’s attorney, who had no personal knowledge of the facts (cf. Rotuba Extruders v Ceppos, 46 NY2d 223, 229, n 4). Finally, plaintiff failed to present any credible justification for the protracted delay in serving the complaint. The explanations that were offered amounted to nothing more than "law office failures”, which, as a matter of law, are insufficient to defeat a motion for dismissal under CPLR 3012 (subd. [b]).[2] Under these circumstances, the denial of defendant’s motion to dismiss in this case must be regarded as an abuse of discretion. In the absence of either a showing of merits or a reasonable excuse for the delay, it was error for Special Term to permit plaintiff to proceed against defendant solely on the ground that defendant had not demonstrated any prejudice resulting from the delay. Indeed, although we stress that the decision to grant or deny relief under CPLR 3012 (subd [b]) is ordinarily a matter *601 of the lower courts’ discretion, we conclude that this case represents one of those rare instances in which the defendant is entitled to dismissal as a matter of law.
Accordingly, the order of the Appellate Division should be reversed, without costs, the defendant’s motion to dismiss the action granted, and the certified question answered in the affirmative.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. To be distinguished are those cases in which a discretionary remedy is denied by the lower court both in the exercise of its discretion and upon the legal ground that the court was without power to grant the requested relief (e.g., Bata v Bata, 302 NY 213; Parkas v Parkas, 285 NY 155; Braunworth v Braunworth, 285 NY 151). In such cases, the lower court’s legal conclusion cannot be presented to this court in the form of a "certified question” for the simple reason that our disposition of the question would not be "decisive” of the outcome. Even if we were to hold that the lower court erred in concluding that it was without power to grant the requested relief, our holding could have no effect upon the result in the case, since the lower court would nonetheless withhold the remedy in the exercise of its nonreviewable discretion. It is these cases that form the basis of the oft-cited principle that the denial of discretionary relief does not ordinarily give rise to a certifiable question of law (see Cohen and Karger, Powers of the New York Court of Appeals, pp 375-378; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5602.12; cf. Barclay’s Ice Cream Co. v Local No. 757, 41 NY2d 269). That principle is of limited utility, however, where the certified question demands that the court consider whether the denial of otherwise discretionary relief constitutes an abuse of discretion in a particular case.

. Plaintiff stated that the delay in serving the complaint had been caused by the complexity of the litigation and by the difficulties that were encountered in investigating the facts in the case. The validity of these explanations may well be belied, however, by the fact that plaintiff managed to serve a complaint in an earlier companion wrongful death action against this defendant, which complaint was virtually identical to the "proposed complaint” offered in this personal injury suit.