## THIRD DEPARTMENT, MAY, 1980

## (May 1, 1980)

■ In the Matter of RAYA MOHABAT ABADIR, Respondent, v LOFTY ABADIR, Appellant.—Appeal from an order of the Family Court of Chemung County, entered February 27, 1979, granting the petitioner modification of child support. The respondent, a school teacher, has a gross salary of $23,556 per year, amounting to $458 gross per week and $289.09 net per week. The petitioner is also a school teacher, earning $1,010 per month gross, $931.66 net per month or $216.66 net per week, and she had the care and custody of the couple's three children, born July 31, 1961, June 16, 1967 and January 4, 1969. Out of his salary, the respondent was ordered by the Family Court to pay $150 per week child support at the rate of $50 per week per child and $810 in arrearage. As to the arrearage, the court left the option open for the respondent to pay it any time, but if it remained unpaid when the eldest child became emancipated then payment was to continue in the same amount for the child until the arrearage was liquidated. The court allowed petitioner attorney's fees at $750, $250 of which was to be paid by

her and $500 by the respondent. On March 29, 1979, the original order was modified and the support reduced to $100 per week, effective March 21, 1979, because the eldest daughter had married. The decision of the trial court was not contrary to the weight of the evidence, considering the financial circumstances of both parents and the needs of the children. Section 250 of the Domestic Relations Law had been complied with by both parties. In considering the needs, debts and obligations of both parents, the court suggested the elimination or reduction of certain obligations. In the circumstances, child support of $100 per week for a father with a gross salary of $23,556 per year was eminently fair and reasonable *(Dzus v Dzus,* 66 AD2d 795). The attorney's fees were fairly divided between the parties, and the arrears imposed no immediate financial burden on the respondent. Order affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.