# (December 8, 1980)

WILLIAM O. CAIN, as Administrator, Respondent, v ARTURO SMITH et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated April 11, 1980, which denied their motion to dismiss the complaint for failure to prosecute and granted plaintiff's cross motion for leave to file a note of issue and statement of readiness. Order reversed, on the law, with $50 costs and disbursements, defendants' motion granted and plaintiff's cross motion denied. The record reveals that since joinder of issue, no steps have been taken to prosecute this action except by way of defensive reaction to defendants' motions to dismiss. In particular, we note that defendants were not noticed for an examination before trial until five years after joinder of issue and while defendants' first motion to dismiss was apparently pending. Even allowing for the hiatus caused by the death of plaintiff's decedent in September, 1974 and the substitution of the present plaintiff in September, 1976, the delay was a lengthy one. In August, 1978, approximately five months after Special Term denied dismissal of the action and directed defendants to appear for an examination before trial, defendants' insurer formally notified plaintiff that it was unable to locate the defendants. Despite Special Term's prior admonition to plaintiff to proceed without further undue delay, plaintiff did nothing. A 90-day notice served on plaintiff's counsel in January, 1979 was ignored

and it was only when a second dismissal motion was made in October, 1979 that plaintiff cross-moved for leave to serve and file a note of issue and statement of readiness without waiving his right to examine defendants prior to actual trial. Plaintiff's delay in seeking such relief can only be characterized as "law office failure", an unacceptable excuse (see *Barasch v Micucci,* 49 NY2d 594). Furthermore, plaintiff failed to submit even a *pro forma* affidavit of merits in opposition to the dismissal motion. Indeed, plaintiff candidly admits that the merits of his case can be evidentially shown only through the testimony of the defendant driver. Since the latter is under no duty to establish the merits of plaintiff's case and had, in fact, denied the material allegations of the complaint in his answer, it is abundantly clear that plaintiff cannot demonstrate that his cause of action is at all viable. It was therefore error for Special Term to have denied defendants' motion to dismiss the complaint. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.