■ B & F, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOC., Appellant.—In an action to recover on a policy of fire insurance, the defendant insurer appeals from an order of the Supreme Court, Kings County, dated May 28, 1979, that granted its motion to dismiss the action pursuant to CPLR 3012 (subd [b]) *unless* the plaintiff (incorrectly denominated the defendant) served a complaint within a specified time. Order affirmed, without costs or disbursements. Plaintiff's time to serve a complaint is extended until 20 days after

service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Defendant contends that it is entitled to dismissal of the action because plaintiff has failed to provide either a valid excuse for the delay in serving the complaint or a sufficient affidavit of merit. We disagree. Plaintiff's present counsel explains the delay as a decision by former counsel to serve the complaint after defendant had the opportunity to examine plaintiff's president under oath, inasmuch as defendant was adamant in its assertion that such an examination was a condition precedent to recovery under the policy. Plaintiff's president's prolonged illness delayed that examination; hence, service of the complaint was delayed. Postponement of the service of the complaint was reasonable in these circumstances (see *Barasch v Micucci,* 49 NY2d 594). As to the second requirement, the affidavit of plaintiff's president, Mr. Ackerman, establishes prima facie that plaintiff has a good cause of action. Mr. Ackerman deposed that plaintiff has a policy of fire insurance with defendant, that there were two fires, and that defendant for "no reason" declined to pay on the policy. We conclude that Special Term properly exercised its discretion in permitting service of the complaint. Mollen, P. J., Mangano, Gulotta and Weinstein, JJ.