## (January 29, 1981)

■ WILLIAM E. STEEN, Respondent, v NEW DEAL DELIVERY SERVICE, INC., Respondent, and 498 SEVENTH AVENUE ASSOCIATES et al., Appellants. — Order, Supreme Court, New York County, dated June 2, 1980, denying defendants-appellants' motion to dismiss, and granting plaintiff's motion to be relieved of default in serving the complaint, is unanimously reversed, on the law, and the facts, and in the exercise of discretion, with costs to defendants-appellants, and the defendants-appellants' motion to dismiss the complaint as to those defendants is granted, and plaintiff's cross motion to authorize the service and filing of plaintiff's complaint and to be relieved of default is denied. The action is apparently for personal injuries caused to plaintiff on September 7, 1976 when he was struck by a garment piece goods hand truck that rolled down a ramp in appellants' building at 498 Seventh Avenue, Manhattan, in the garment industry area of New York City. The action was begun by service of a summons without a complaint in August, 1979, about a month before the expiration of the three-year Statute of Limitations. On September 7, 1979, defendants-appellants, the building owners, served a notice of appearance and a demand for a copy of a complaint. No complaint was served until February 5,

1980, almost five months after demand and over four months after it was due. On February 26, 1980 appellants returned the complaint to plaintiff's attorneys with a notice of rejection. The Court of Appeals has said: "First, in order to avoid dismissal for failure timely to serve a complaint, the plaintiff must demonstrate a reasonable excuse for the delay * * * While the decision as to what constitutes a reasonable excuse ordinarily lies within the sound discretion of the trial court, we would stress that those excuses which may be roughly categorized under the heading of 'law office failures' cannot properly serve as a basis for defeating a motion to dismiss under CPLR 3012 (subd [b]) * * * Second, in addition to showing an adequate justification for delay in serving the complaint, the plaintiff must also demonstrate to the court that the claim against the defendant has legal merit" *(Barasch v Micucci,* 49 NY2d 594, 599). Plaintiff has failed to comply with either of these requirements. No excuse is offered for the default except that it was "inadvertent and not deliberate." And even more serious, there is nothing that can fairly be called a showing that the claim against the defendants has legal merit. There is no suggestion that appellants had anything to do with the truck. Although the plaintiff's attorney's affirmation refers to the owners' responsibility "for the dangerous condition and instrumentality," there is nothing to show that the ramp was in any way dangerous. The failure on the part of the defendants-appellants to return the complaint for 21 days is not a waiver of the objection. The rejection was appellants' first step in the litigation after the receipt of the unauthorized complaint. (Cf. *Wakschal v Century Estates,* 10 AD2d 891.) Concur — Murphy, P. J., Sullivan, Carro and Silverman, JJ.