■ JUNE JELLINGER, Respondent, v IDA K. MOLLAD, Doing Business as IKM REALTY Co. et al., Appellants. — In a negligence action to recover damages for personal injuries, (1) defendants separately appeal from an order of the Supreme Court, Nassau County, dated April 28, 1980, which denied their motions pursuant to CPLR 3012 (subd [b]) to dismiss the action for failure to timely serve a complaint and (2) defendant We're Associates, Inc., appeals from a further order of the same court, dated October 7, 1980, which denied its motion to dismiss the action (a) by reason of the commencement of the action by service of a summons deficient in complying with the form of notice required by CPLR 305 (subd [b]), and (b) pursuant to CPLR 3211 (subd [a], par 5) as time barred under the Statute of Limitations. Order

dated April 28, 1980 reversed, on the law, without costs or disbursements, motions granted and complaint dismissed. Appeal from the order dated October 7, 1980 dismissed as moot without costs or disbursements, in view of the disposition on the appeals from the order of April 28, 1980. Plaintiff's failure to move to be relieved of her default prior to her tardy service of the complaint entitled the defendants to have their motions to dismiss pursuant to CPLR 3012 (subd [b]) granted. It was an abuse of discretion to deny the motions as academic on the ground that the complaint had eventually been served prior to the return date of defendants' motion (see *Gelch v Malrich Realty Corp.*, 47 AD2d 644; *Kahn v Columbo*, 74 AD2d 622). Moreover, the plaintiff has neither presented a reasonable excuse for her delay of more than two months in serving the complaint upon the defendants nor has she submitted a sufficient affidavit containing an evidentiary showing of merit (see *Barasch v Micucci*, 49 NY2d 594; *Sortino v Fisher*, 20 AD2d 25). Lazer, J.P., Gibbons, Cohalan and Thompson, JJ., concur.