■ WILLIAM B. MAY CO., INC., Appellant, v ROGER WHEELWRIGHT et al., as Ancillary Executors of RICHARD WHEELWRIGHT, Deceased, Respondents. — Order, Supreme Court, New York County (Taylor, J.), entered March 17, 1981, granting defendant's motion to vacate an order of inquest unanimously reversed, on the law, without costs or disbursements, and the motion denied without prejudice to a new application based on proper evidentiary affidavits. Finding "a plausible excuse for the default herein" Special Term vacated the order of inquest solely on the basis of an attorney's affirmation. Although the outline of a defense is apparent from documentary evidence annexed thereto and from facts stated therein on personal knowledge, the attorney's affirmation was insufficient to establish a reasonable excuse for defendant's default in answering because the attorney obviously lacked personal knowledge of the essential facts offered in support of the excuse. The showing necessary to support the vacatur of a default must be based on evidentiary facts attested to by an individual with personal knowledge of the facts. (See *Barasch v Micucci*, 49 NY2d 594.) The default lasted for approximately 50 days. Defendant, sued in his capacity as the executor of an estate, was served in Montana where he now resides. At the time he was represented in the administration of the estate by New York City counsel. In fact, plaintiff's present counsel wrote to these attorneys less than two months prior to the commencement of this action in an effort to settle the matter. Yet, it is undisputed that defendant's counsel first learned of the commencement of this action after an order of inquest had been obtained. In light of all of the circumstances presented, defendant should be afforded the opportunity to renew the application to vacate the order directing an inquest upon a proper evidentiary showing. We note also our strong disapproval of a characterization appearing in plaintiff's reply brief that a

factual assertion in defendant's brief was a "lie". The conclusion was reached by distorting a comment made by defendant's attorney in a letter to plaintiff's counsel when counsel learned of the default. Concur — Sullivan, J. P., Carro, Markewich and Silverman, JJ.