■ BEATRICE SANTANA, Individually and as Administratrix of the Estate of MAXIMO SANTANA, Deceased, Appellant, v PROSPECT HOSPITAL, Respondent, et al., Defendants. — Order, Supreme Court, Bronx County (Callahan, J.), entered October 22, 1980, which granted defendant's motion for an order dismissing the action upon plaintiff's failure to serve a complaint within 20 days after service of a demand pursuant to CPLR 3012 (subd [b]), unanimously reversed, on the law and the facts, and in the exercise of discretion, with costs on appeal against the plaintiff, and the motion is denied and the complaint reinstated upon the condition that plaintiff's attorney pays additional costs of $250 to defendant within 20 days of service upon defendant of a copy of the order of this court determining this appeal. If this condition is not met, the order is affirmed, with costs against plaintiff. We do not accept the proffered excuse that plaintiff's deficiencies in English contributed to the failure to serve the complaint as such excuse merely reflects a lack of diligence on counsel's part in responding to the necessities of this case. However, we do not regard the insufficiency of this excuse as a defect fatal to plaintiff's position. The summons in this action, as well as the affidavits on this motion, reveal this is a wrongful death action arising from the death of plaintiff's 16-year-old son, six days after his release from the care of the defendant hospital, which had been treating him in connection with his diabetic condition and other ailments. The cause of death appears to have been a pulmonary thromboembolism, suffered after development of a blood clot. The underlying theory of the action is medical malpractice. Plaintiff herself, administratrix of the deceased, could hardly be expected to have personal knowledge of facts needed to demonstrate the meritoriousness of the action or to explain the delay in drafting and serving the complaint. Such facts could be offered in this case by plaintiff's attorney, based upon examination of the pertinent hospital records and a disclosure of his conduct in pursuing plaintiff's cause. Plaintiff's attorney's affirmation does indeed state he obtained the autopsy report and records from defendant hospital as well as from the hospital in which plaintiff's son died, consulted a specialist for review of these records in order to obtain an expert opinion, and has been in frequent contact with defendant's insurer. This activity does not indicate any abandonment of the action but rather supports plaintiff's attorney's contention that he has actively sought out a definitive theory on which to pursue the action. Given the difficulties of reconstructing the course of events causing plaintiff's son's death, we find this excuse to be minimally acceptable. The failure of plaintiff's attorney to move with greater dispatch in drafting the complaint, which was finally served in conjunction with the opposition to this motion, requires the imposition of costs to the extent herein indicated. We are aware that defendant need not show prejudice before a motion to dismiss is granted *(Verre v Rosas,* 47 NY2d 795). Nonetheless, prejudice to the defendant remains a factor in the consideration of motions

pursuant to CPLR 3012. Here, defendant has shown no prejudice and, in fact, received notice of this action within a year and one half of plaintiff's son's death and received a complaint within two and one-half years of the death. As to the additional requirement set forth in *Barasch v Micucci* (49 NY2d 594), that plaintiff make a showing of the merits of the action, we believe plaintiff made a sufficient, though hardly overwhelming, demonstration based upon the diabetic condition of the deceased, the treatment and the discharge of deceased by defendant hospital and his death soon thereafter. Concur — Murphy, P. J., Birns, Sandler, Ross and Lupiano, JJ.