■ SOLARGEN ELECTRONICS, LTD., et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent and Counterclaim Plaintiff. STEVEN J. ROMER et al., Additional Counterclaim Defendants. — Order, Supreme Court, New York County (Blyn, J.), entered July 14, 1981, denying plaintiff's motion for vacatur of default and for leave to reargue or renew a prior motion to strike the complaint, is unanimously affirmed, on the law and the facts and in the exercise of discretion, with costs, and without prejudice to an application at Special Term to vacate the default upon an adequate showing of a good and sufficient cause of action. Appeal from the order of Supreme Court, New York County (Blyn, J.), entered March 31, 1981, granting defendant's motion on default to strike the complaint for willful failure to serve further answers to interrogatories, is dismissed, without costs, as subsumed in the appeal from the order of July 14, 1981. Defendant served a prolix set of interrogatories (over 400 queries in 102 paragraphs) in response to a lengthy (37-page, 118-paragraph) complaint. Although plaintiff objected to the extensiveness of the interrogatories, it never sought modification. It served responses which defendant considered, in the main, to be evasive, incomplete or unresponsive. After unsuccessful informal attempts to get better responses, defendant moved to compel additional answers to the interrogatories. Justice Myriam Altman granted the motion to the extent of directing plaintiff to furnish supplemental answers to 37 of the questions within 60 days of service of that order. With the lapse of 60 days after defendant's service of the order, and no supplemental answers forthcoming, defendant wrote to plaintiff's attorney, reminding him of the passing of the deadline and requesting the responses. There was no answer to this letter. Defendant then moved to strike the complaint under CPLR 3126 for failure to comply with Justice Altman's order. Plaintiff's attorney then advised that he would try to provide the additional answers before the return date of the strike motion. Plaintiff asserts that defendant indicated it would withdraw the motion. There is some debate as to whether defendant consented to give plaintiff additional time beyond the return date in which to prepare the additional responses. There is no proof of such an agreement by defendant. The parties appeared before Justice Blyn on the

return date of the strike motion. Plaintiff then asked for a 30-day adjournment to allow additional time for preparing the supplemental answers. Affidavits submitted by plaintiff's attorney supposedly in opposition to the strike motion were really in support of a request for adjournment. When plaintiff's attorney declined the court's invitation to argue the strike motion, adjournment was denied and the strike motion was granted on default, the court finding that plaintiff's failure to comply with the 60-day order was willful. Plaintiff thereupon appealed from that order and also moved to renew or reargue. That motion was converted to one to vacate default inasmuch as judgment had already been entered. On this subsequent motion plaintiff urged that the supplemental answers to the interrogatories, now more than 14 months old, were being worked on, and plaintiff just needed additional time. Plaintiff urged that default was unwarranted because plaintiff had appeared on the prior motion. Justice Blyn denied vacatur of the default, and the second appeal was taken from that disposition. In order to vacate the default, plaintiff had to show a reasonable excuse for the default as well as a meritorious cause of action (*Levin v 40 Realty*, 80 AD2d 515, affd 54 NY2d 624). Plaintiff never did show merit to its cause of action, instead arguing here for the first time that the court below should have looked to the pleadings for its statement of merit. In seeking to vacate a default, the plaintiff must show the merits of its case by an affidavit of one with personal knowledge of the facts (*Sortino v Fisher*, 20 AD2d 25). Affidavits of counsel, as submitted in this case, are insufficient (*Barasch v Micucci*, 49 NY2d 594). There must also be a showing of reasonable excuse for the default. We do not subscribe to Special Term's characterization of plaintiff's default as willful. If purposeful, plaintiff's failure to have argued the merits of the strike motion, instead of merely pushing unsuccessfully for an adjournment, was at worst a tactical error. At best it was mere oversight. "Law office failures" are an insufficient excuse for seeking to vacate a default (*Barasch v Micucci, supra*). We have recently held that "inadvertence" on the part of counsel is the equivalent of law office failures (*Steen v New Deal Delivery Serv.*, 79 AD2d 963). However, we note that any default here was merely technical. Plaintiff did appear on the return date of the strike motion, even though failing to argue adequately the subject matter of the motion at hand. We are reluctant to characterize plaintiff's action as a true default, calling for the severe penalty of dismissal. The Statute of Limitations on this breach of contract action has not yet run. There would appear to be no prejudice by reopening this action, upon a proper showing of merit. Concur — Birns, J. P., Lupiano, Silverman, Bloom and Fein, JJ.