■ NANCY L. HAYES et al., Appellants, v BERNARD BURKE, Respondent, et al., Defendant. — Appeals (1) from an order of the Supreme Court at Special Term (Ford, J.), entered February 2, 1981 in Montgomery County, which denied plaintiffs' motion for leave to serve a complaint upon defendant Burke and dismissed the action as to him, and (2) from an order of said court, entered November 24, 1981 in Montgomery County, which denied plaintiffs' motion for reargument and renewal. The critical issue to be resolved on these appeals is whether the conduct of plaintiffs' attorneys in this case constitutes "law office failure" within the contemplation of *Barasch v Micucci* (49 NY2d 594). The action is for medical malpractice. Defendants are plaintiff wife's attending physician and the hospital where she was confined. Acts of malpractice are alleged to have occurred on August 8, 1977. It was not until December, 1979, that plaintiffs consulted with their attorneys in regard to making the within claim. The facts present a rather complex matter involving the procedures selected for the care and treatment of a cerebrovascular accident and intracranial hemorrhage. Accordingly, plaintiffs' attorney concluded that all relevant medical and hospital records should be obtained and forwarded to medical experts for evaluation as to the potential of any claim for malpractice. Since the bar of the Statute of Limitations was rapidly approaching (CPLR 214-a), defendants were served with a bare summons with notice on January 23, 1980, with defendant Burke appearing on February 26, 1980. Thereafter, the codefendant hospital obtained, by consent, a conditional 45-day order of dismissal

for failure to serve a complaint.[*] A complaint was served on both defendants on July 11, 1980 in compliance with the order obtained by defendant hospital and subsequent agreement between the parties. Defendant Burke refused to accept the complaint and plaintiff moved to compel acceptance of the complaint. Defendant hospital accepted this complaint and filed an answer. Special Term denied plaintiffs' motion and dismissed the action against defendant Burke, quoting extensively from *Barasch v Micucci* (*supra*) in its decision, and concluding that the excuse for delay offered by plaintiffs was nothing more than "law office failure", citing *Rabetoy v Atkinson* (49 AD2d 691, app dsmd 37 NY2d 803). It further found that absent a medical affidavit, there was a failure to establish legal merit through evidentiary facts attested to by those with personal knowledge of the facts (*Barasch v Micucci, supra*). We disagree, for we deem the procedures followed by plaintiffs' counsel during the critical period prior to the service of the complaint to be far removed from the carelessness and laxity in office management or attention to calendars that fall into the general category of "law office failures". The record demonstrates that medical and hospital records and other related material were forwarded by plaintiffs' attorney on February 4, 1980 to Health Care Analysis, Inc., Willoughby, Ohio, for preliminary analysis and evaluation. That after a preliminary report, further study by them was indicated and was undertaken, and a final report was forwarded to plaintiffs' attorneys on June 6, 1980. These procedures suggest professional care and consideration in the pursuit of a claim against another professional, rather than a classic case of "law office failure". Moreover, in our view, the affidavits and other exhibits in the record demonstrate a sufficient basis to establish the requisite meritorious cause of action (*Sortino v Fisher*, 20 AD2d 25). Consequently, since we have concluded that Special Term should not have been circumscribed by the limiting effect of *Barasch* in the exercise of its discretion, we find upon the facts presented that discretion should have been exercised in favor of plaintiffs' motion to compel acceptance of the complaint by defendant Burke (*Carron v De Granpre*, 55 AD2d 712). In view of this determination, plaintiffs' appeal from the order entered November 24, 1981, is academic. Order, entered February 2, 1981, reversed, on the law and the facts, without costs, and plaintiffs' motion to compel defendant Burke to accept the complaint granted. Appeal from order entered November 24, 1981, dismissed, as academic, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

---

[*] Defendant Burke did not join in this motion or consent to any order thereafter entered nor was he notified of any subsequent agreement in relation thereto.