■ JOHN W. PIRO, Appellant, v HICKORY VILLAGE TENANTS CORP., Also Known as HICKORY HOUSE TENANTS CORP., et al., Respondents. — In an action to recover damages, *inter alia,* for the breach of a proprietary lease in a co-operative apartment building, plaintiff appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated January 4, 1982, which granted defendants' motion to vacate the default judgment entered in plaintiff's favor in October, 1981. Order reversed, on the law, with $50 costs and disbursements, motion denied, and judgment reinstated. Under the particular facts of this case, Special Term should have denied defendants' motion to vacate their default. In support of their motion, defendants neither demonstrated a reasonable excuse for the delay nor asserted facts constituting a meritorious defense (cf. *Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769). The excuse proffered for the delay amounted to "law office failure" and, as such, was insufficient as a matter of law (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci, supra,* p 599; *Bruno v Village of Port Chester, supra*). Although it would have been reasonable to expect that defense counsel would have made some effort to represent defendants' position upon this appeal, we observe that counsel's dilatory conduct has persisted. Defense counsel failed to timely file a respondents' brief, and additionally, failed to file late, despite assurances to this court, upon its inquiries relating thereto, that one was being prepared and would 'be furnished. Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.