■ CHARLES J. HALL, JR., et al., Respondents, v GOLUB CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 17, 1981 in Albany County, which denied defendant's motion for an order pursuant to CPLR 3012 (subd [b]) dismissing this action because of plaintiffs' failure to serve a timely complaint. On November 17, 1977, plaintiff Charles J. Hall, Jr., was allegedly injured when he tripped and fell in the aisle of a supermarket operated by defendant in the Town of Colonie, Albany County, and plaintiffs consequently commenced the instant action for personal injuries against defendant by service of a summons and notice upon the Secretary of State on October 20, 1980. In response, defendant filed a notice of appearance in the action and a demand for a complaint on November 10, 1980, and when no complaint had been served over six months later on May 15, 1981 moved for an order pursuant to CPLR 3012 (subd [b]) dismissing the action because of plaintiffs' failure to serve a timely complaint. Ultimately, Special Term denied the motion in an order from which defendant now appeals. The challenged order should be reversed. As Special Term correctly noted in its decision, the excuses offered by plaintiffs for their protracted delay in serving a complaint can for the most part be denoted as "law office failures" which are plainly insufficient to defeat defendant's dismissal motion (*Barasch v Micucci*, 49 NY2d 594). The court erroneously concludes, however, that defendant's motion should be denied because of a time-honored and usual practice in the Third Judicial District of movants, such as defendant, consenting in the first instance to conditional rather than absolute dismissal orders. A general custom among the lawyers of a locality obviously cannot justify

ignoring the plain requirements of the CPLR (cf. *Johnson v Johnson,* 45 AD2d 899). Order reversed, on the law, without costs, and motion by defendant to dismiss action granted. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.