■ RICHARD A. HARRIS et al., Appellants, v JULIUS SCHILLER, Respondent. — In an action to recover damages, *inter alia*, for malicious prosecution, plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated November 13, 1980, which denied their motion for leave to enter a judgment by default and directed them to accept defendant's verified answer,

and (2) from a further order of the same court, dated August 21, 1981, which denied their subsequent motion for leave to enter a default judgment, without prejudice to renewal after service of a correct notice of entry. Orders affirmed, with one bill of $50 costs and disbursements. Four days after personal service of the summons and complaint upon the defendant, his underwriter sought a 15-day extension of time to investigate coverage under defendant's homeowner policy and it appears that plaintiffs granted a two-day extension. Four days after the expiration of the two-day extension, the plaintiffs moved for leave to enter a judgment by default. Seven days after plaintiffs' motion, defendant's underwriter disclaimed coverage and defendant's personal attorney mailed a verified answer to plaintiffs. These facts, as they appear in the papers submitted in opposition to plaintiffs' motion, do not establish any willful default or laxity by defendant (see *Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239), and· the verified answer in this case, in lieu of an affidavit of a meritorious defense, satisfies the criteria of *Barasch v Micucci* (49 NY2d 594) (see *A & J Concrete Corp. v Arker*, 54 NY2d 870; see, also, *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900, which extended the *Barasch* rule regarding "law office failures" to defendants). The plaintiffs' failure to serve a proper notice of entry of the order dated November 13, 1980, was a sufficient basis to support the order dated August 21, 1981, which denied plaintiffs' subsequent motion to enter a default judgment, without prejudice · to renewal after service of a correct notice of entry. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.