◼ WILLIAM MORALES, Respondent, v BERK TRADE SCHOOL, Appellant. — Order, Supreme Court, New York County (Williams, J.), entered on January 5,

1982, which vacated its prior orders of preclusion for failure to serve a bill of particulars on condition plaintiff's attorney pay defendant $100 costs, modified, on the law, on the facts and in the exercise of discretion, so as to condition said vacatur upon the payment by plaintiff's attorneys of the sum of $500 within 30 days after the date of entry of the order hereon and otherwise affirmed. In the event of noncompliance with the above, said order is reversed, on the law, the facts and in the exercise of discretion, the motion to vacate the preclusion orders denied and said orders of preclusion reinstated. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. Defendant appeals from the order of the Supreme Court entered January 5, 1982, which vacated a prior order of preclusion entered by the same Judge for failure to file a supplemental bill of particulars on the condition that plaintiff's attorney pay to defendant $100 in costs. The immediate reason for the failure to comply with the court's order directing a supplemental bill of particulars is set forth in an affidavit by plaintiff's counsel. Throughout the relevant period plaintiff's counsel labored under the persistent misunderstanding that defendant sought, and secured, an order directing the service of a bill of particulars that had already been served. His affidavit asserts, and there seems no reason to doubt its accuracy, that he had not been aware of the motion served on his office demanding a supplemental bill of particulars, and accordingly had believed that the conditional order of preclusion related to an earlier motion by the defendant's attorney prior to the somewhat tardy service of plaintiff's original bill. Pertinently, the wording of the conditional order of preclusion would not have alerted counsel to his error. In evaluating this undoubted lapse of plaintiff's counsel, we think it relevant that in the preceding year counsel had been hospitalized three times, twice in connection with a heart condition and once for osteomyelitis of the spine. It is a reasonable conclusion that this lapse on the part of a lawyer of 20 years experience occurred during a period of reduced work activity, and at a time when he had become more dependent than was his custom on his office staff. The papers submitted below include a detailed affidavit of merits by the plaintiff. The injury sustained was substantial. The bill of particulars ultimately submitted is exemplary. No prejudice to the defendant is disclosed. We are not persuaded that the decision of the New York Court of Appeals in *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900) precludes any discretion under the totality of the circumstances presented to permit, with appropriate conditions, the vacating of the default. However, the delay and the additional expense and effort required of defendant's counsel merit a more severe sanction than that fixed at Special Term. We accordingly modify the order appealed from to impose as a condition the payment by plaintiff's counsel of costs in the sum of $500. Concur — Sandler, J. P., Asch and Silverman, JJ.

Carro, J., dissents in a memorandum as follows: Counsel's explanation for the inordinate delay, even in the face of two preclusion orders, amounted to "law office failure", which this court has repeatedly held does not excuse such defaults as occurred here. He did not comply with the previous orders of the court "simply because of various clerical errors in your affirmant's office regarding this particular file * * * the motion papers which led to these court orders were never seen by your affirmant and were evidently misplaced or mislaid, or were just buried in this voluminous file on this case." Plaintiff must show exceptional circumstances in order to vacate a preclusion order. He failed to meet this heavy burden, and it was an improvident exercise of discretion to vacate the orders (*Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044, app dsmd 34 NY2d 567). Special Term held, however, that, "In the interests of justice, in order to afford plaintiff an opportunity to have his 'day in court', and

in the absence of any showing of prejudice to defendant as a result of plaintiff counsel's law office failure and neglect, plaintiff's motion for an order vacating this court's prior order of preclusion is granted on condition that plaintiff's attorney pay to defendant the sum of $100. costs and disbursements". In *Barasch v Micucci* (49 NY2d 594), the court held that it was error for Special Term to permit plaintiff to proceed on the ground that defendant had not demonstrated any prejudice resulting from the delay. It stated, "The explanations that were offered amounted to nothing more than 'law office failures', which, as a matter of law are insufficient to defeat a motion for dismissal under CPLR 3012 (subd [b]). Under these circumstances, the denial of defendant's motion to dismiss in this case must be regarded as an abuse of discretion." The default in this case, which concerned protracted delay in serving a proper bill of particulars, is analogous to the situation in *Barasch v Micucci* (*supra*), which dealt with delay in serving the complaint, and is subject to the same rule of law. *Barasch* has already been applied to a wide range of defaults by counsel, as witness *Eaton v Equitable Life Assur. Soc. of U.S.* (56 NY2d 900), concerning the failure of a bank to serve its answer, though with far less delay than *Barasch* or the instant case. The court in *Eaton* said (p 902), "The excuses proffered by respondent amount to nothing more than law office failures * * * Just as it is an abuse of discretion to accept law office failure as an excuse for a plaintiff's failure to prosecute (*Barasch v Micucci*, 49 NY2d 594), so is it an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure. Each party is entitled to expect the other to observe time requirements during the course of litigation". (See, further: Chase, Barasch/Eaton Rule, New York Practice, NYLJ, Oct. 27, 1982, p 1, col 1.) We are aware of the effect of such orders upon innocent plaintiffs and find it unfortunate, but "[s]o it is that, as between innocent defendants and innocent plaintiffs, it is just to burden plaintiffs because of their agents' inaction * * * and to leave the plaintiffs to whatever remedies the law may provide against negligent counsel" (*Greenwald v Zyvith*, 23 AD2d 201, 203).