■ DAVID SOSTRE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Order, Supreme Court, New York County (Ryp, J.), entered June 28, 1982, denying defendant's motion to dismiss the action and granting plaintiff's cross motion to compel defendant to accept his complaint, reversed, on the law, defendant's motion to dismiss granted, and the plaintiff's cross motion denied, without costs or disbursements. Defendant's motion was brought under CPLR 3012 (subd [b]) because the complaint, which was rejected as untimely, was not served for more than three years after its service was demanded. Plaintiff has failed to provide any excuse for the delay other than that both he and his counsel, each independently of the other, believed that the case had been abandoned. After his accident plaintiff moved to Puerto Rico, believing that his attorney had dropped the case. The attorney believed that his client had decided not to press the action, particularly since the attorney learned that a police report indicated that witnesses had stated that the accident giving rise to this action occurred when plaintiff was intoxicated and fell in front of an oncoming train. We find that Special Term erred in rejecting defendant's contention that *Barasch v Micucci* (49 NY2d 594) is controlling and requires dismissal. It held that it was controlled by *A & J Concrete Corp. v Arker* (54 NY2d 870), permitting it to exercise its discretion which was formed by its finding that the delay was neither willful nor prejudicial. *A & J Concrete* is readily distinguished. It involved a motion under CPLR 2004. It expressly held (p 872) that "the courts enjoy a somewhat broader range of discretion when

considering a motion for an extension of time under CPLR 2004 which precedes any motion to dismiss than when considering a motion to dismiss pursuant to CPLR 3012 (subd [b]), whether or not countered by a motion for extension of time. (Cf. *Barasch v Micucci,* 49 NY2d 594.)" Beyond this, there are striking differences between *A & J Concrete* and the instant case. The delay in the former was a few days; here it was over three years. In the former there was no prejudice to the defendant. Here, over four years after the accident, the proposed complaint would advance a theory of liability different from that of the notice of claim. Even so, the absence of prejudice would be immaterial (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900). Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.