■ PHILOMENA WIGGINS, Respondent, v ROBERT S. LEIPSIC et al., Appellants. — In a dental malpractice action, defendants appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated April 8, 1982, which denied their motion to dismiss for failure to timely serve a complaint and directed that defendants accept late service of the complaint. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss granted. Plaintiff commenced this dental malpractice action by service of a summons with notice on June 8, 1981. The notice alleged that the nature of the action was "[t]o recover for acts of malpractice on or about December 1978 and January 1979", and that the relief sought was damages in the sum of $200,000. On August 19, 1981 defendants served a demand for a complaint but, upon plaintiff's request, agreed to extend the time to serve the complaint to October 1, 1981. Plaintiff served the complaint by mail, postmarked February 2, 1982, but it was promptly rejected by defendants as untimely. Defendants then moved to dismiss the action for the failure to timely serve the complaint. Special Term denied the motion and directed defendant to accept service of the complaint. We reverse and grant the motion. To withstand a motion to dismiss for failure to timely serve a complaint, plaintiff must demonstrate a reasonable excuse for the delay; law office failure will not suffice. Plaintiff must also demonstrate that the claim has merit (see, e.g., *Barasch v Micucci*, 49 NY2d 594, 599). Plaintiff has done neither in the present case. On appeal, plaintiff has

attempted to explain the delay in drawing and serving the complaint as due to the "complexity" of the case, a claim which cannot stand in the face of her own affidavit which describes the alleged malpractice of the defendants as their causing a portion of a needle to break off in her gum. Plaintiff also attempts to justify the delay by assertions that defendants failed to request the complaint after the extension had expired and did not notify her of the expiration. These contentions are to no avail. Plaintiff has not shown a legally cognizable excuse for the delay in serving the complaint. Accordingly, defendants' motion to dismiss is granted. Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.