OPINION OF THE COURT
Samuel Greenstein, J.
Plaintiff moves to reargue his prior motion to vacate the dismissal for want of prosecution herein, which motion was denied by this court in an order dated April 4, 1983. The court grants the motion to reargue and upon reargument decides as follows:
Since the time that the court denied the original motion on the grounds that law office failure did not constitute a reasonable excuse for want of prosecution justifying the vacating of the dismissal, the Legislature has seen fit to add CPLR 2005 and 3012 (subd [d]) which sections largely overrule the holdings of Barasch v Micucci (49 NY2d 594) and its progeny that law office failure is not an excusable ground for delay in litigation as a matter of law. It was pursuant to this line of cases that the court originally denied the motion to vacate. The new law, however, restores to the court the discretion to excuse a delay resulting from law office failure under certain circumstances. This legislation was signed by Governor Cuomo on June 21, 1983, and it is effective immediately.
The delay in prosecution in this case was in the court’s view due entirely to law office failure. During the critical *532 period in which the case was actually dismissed as abandoned, the trial counsel handling the case had become ill and died and the case was reassigned to a new trial counsel. These are compelling and mitigating circumstances which sway the court to find the delay in prosecution excusable. The court also considers that there is no claim whatsoever of prejudice to defendants should the dismissal be vacated and the action restored to the calendar for trial. Moreover, the public policy of New York State strongly favors the resolution of actions on their merits. In this matter the Statute of Limitations has long since run; if the court does not vacate the dismissal the plaintiff will be deprived of his cause of action.
Accordingly, in light of the new legislation and all of the circumstances surrounding the delay in prosecution by plaintiff in this action, the court upon reargument grants the motion to vacate the dismissal and to restore to the calendar upon the following conditions:
(1) Plaintiff’s attorneys shall pay to the defendants’ attorneys the sum of $250 on or before August 10, 1983; and
(2) Plaintiff shall serve and file a new notice of trial, together with all necessary fees, a copy of this order and an affidavit of payment to defendants’ attorneys of the above specified sum, upon the defendants and upon the calendar clerk of this court on or before August 17, 1983.