■ BERNARD LANDIS et al. v CHARLES M. WEISS et al. — Plaintiffs' motion for an order granting reargument with respect to this court's order and decision of April 28, 1983 (93 AD2d 796), reversing an order of the Supreme Court, New York County (Ostrau, J.), entered on October 15, 1982, which granted plaintiffs' motion to vacate their default and the judgment entered upon such default on condition plaintiffs' counsel pay the sum of $500 to defendants' attorney, is granted and, upon reargument, the order and decision of April 28, 1983 are recalled and vacated and the order of the Supreme Court, New York

County, entered on October 15, 1982, is affirmed, without costs. In this action Special Term found that plaintiffs' counsel was negligent in failing to keep abreast of this action and failing to keep defendant informed of his status with various law firms with which he had been associated during the pendency of the action. Although recognizing this was law office failure, Special Term granted the motion to vacate the default on condition plaintiffs' counsel pay the sum of $500 to defendants' attorney, which sum was not to be chargeable to plaintiffs. This court in its memorandum decision reversed on constraint of *Barasch v Micucci* (49 NY2d 594). Recently, however, the Legislature enacted CPLR 2005 which provides that "the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure." The statute was expressly made applicable to pending actions or proceedings. This court premised its prior decision reversing Special Term solely upon constraint of the rule enunciated in *Barasch v Micucci* (*supra*), but in light of the new statute, the circumstances of this case justified the favorable exercise of judicial discretion by Special Term. Concur — Ross, J. P., Asch, Bloom, Fein and Alexander, JJ.