**6** ANTHONY CALANDRA, as Administrator of the Estate of FRANCES CALANDRA, Appellant, v PELHAM BAY GENERAL HOSPITAL, Respondent, et al., Defendants. — Order, Supreme Court, Bronx County (Irwin Silbowitz, J.), entered May 27, 1983, granting defendant Pelham Bay General Hospital's motion to dismiss the complaint for failure to prosecute, modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, to the extent of denying the motion to dismiss and reinstating the complaint on condition that plaintiff's attorney pay to appellant the sum of $1,000 within 20 days after service of a copy of the order to be entered on the appeal. Upon failure to comply with the foregoing condition, the order is affirmed, without costs or disbursements.

The action was originally brought by plaintiff's decedent, Frances Calandra, to recover for medical malpractice during the period while she was confined as a patient at Pelham Bay General Hospital and when decedent developed a decubitus ulcer, over 10 centimeters in length. The action was instituted on August 22, 1980 and issue was joined by respondent's service of an answer on October 23, 1980. Although respondent served a notice of examination on March 31, 1981, the deposition was never held since, prior to its scheduled date, Mrs. Calandra died

on May 6, 1981 from cardiac arrest. As a result, further proceedings were stayed until an administrator was appointed, which did not occur until June 7, 1982. The examination was adjourned from August 4, 1982 to October 13, 1982. However, on August 12, 1982, respondent served a 90-day notice. On March 24, 1983, four months after expiration of the time within which plaintiff was required to place the case on the calendar, defendant moved to dismiss for want of prosecution, pursuant to CPLR 3216.

Special Term, in a decision which predated the enactment of CPLR 2005 and 3012 (subd [d]), dismissed the complaint on a finding that plaintiff failed to advance any justifiable excuse for not seeking relief from the 90-day notice which had been served. While the court did not specifically rely upon law office failure, we take into consideration that the legislative enactment, effective June 21, 1983, designed to overrule the strict principle established in *Barasch v Micucci* (49 NY2d 594), took effect immediately and was applicable to pending cases (see Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C3012:19, pp 113-114). As applied here, the record reflects that there was inaction by all parties during the period involved. There was considerable delay in the prosecution of the action which resulted from delay in the appointment of an administrator. Also, several adjournments of the examination had been requested by defendant. Moreover, it appears that, at the time the 90-day notice was served, respondent knew that discovery proceedings were pending and had not been completed, the notice having been served prior to the adjourned date of the examination. Under the circumstances, we are not persuaded that the drastic remedy of dismissal was warranted here. Accordingly, we excuse the default on the condition provided and with the parties directed to complete discovery with due dispatch. Concur — Kupferman, J. P., Asch and Kassal, JJ. Silverman, J., dissents and would affirm.