■ MINDY FRIED, Respondent, v GENERAL MOTORS CORPORATION et al., Defendants, and VICTOR FRIED, Appellant. — Order of the Supreme Court, New York County (Ascione, J.), entered December 20, 1983, which denied defendant Victor Fried's motion for leave to renew and reargue plaintiff's prior motion for a default judgment against the defendant is reversed, on the law and facts and in the exercise of discretion, without costs, defendant's motion for renewal is granted and, on renewal, defendant's motion to open a default is granted, on condition that defendant's counsel pay plaintiff $250. In the event of counsel's failure to so comply, the order is affirmed, without costs.

On February 23, 1983 defendant received plaintiff's summons and forwarded it to his insurance company. They originally disavowed coverage on March 3, 1983, claiming that the defendant's policy had been canceled; however, defendant established

that another policy was in effect at the time. Counsel was retained by the insurance company on April 11, 1983 and an extension of time to answer was requested. According to defense counsel, the extension was granted, although plaintiff's counsel does not admit these events.

On April 20, 1983, plaintiff served a notice of motion for default judgment returnable May 5, 1983. Defendant's answer and papers in opposition to the motion were served on plaintiff on April 29, 1983, explaining the errors and events that caused the delay. Plaintiff's motion for default judgment was granted anyway, on October 20, 1983. Defendant's motion for leave to renew and reargue was denied on December 20, 1983.

Defendant presents a reasonable excuse for his delay, to wit: his insurance company's initial refusal to honor its policy, coupled with the purported attempt to gain an extension from plaintiff. This makes it similar to the fact pattern of *Pajor v Kralik* (88 AD2d 858). In that case, this court allowed the opening of a default. "It appears to us that the delay * * * was caused by delay in transmission of the process served upon the defendant from the insurance broker * * * to the insurance company through the medium of an adjuster." (*Pajor v Kralik, supra.*) In the instant case, a similar scenario is present. Defendant mailed the summons to the insurance company, which sent it back, claiming that the policy had expired months before the accident. It was only when the defendant proved that another policy was in effect that the company retained counsel for the defendant. This is strikingly similar to *Pajor*.

Finally, the delay experienced by the plaintiff, due to the defendant's actions, was minimal. There was no prejudice to the plaintiff. The delay was not primarily attributable to the defendant's own conduct, but due to the conduct of the insurance company.

"We do not regard this as the sort of dilatory tactic encountered in *Barasch v Micucci* (49 NY2d 594 * * *). We impose costs because defendant should have been more diligent in following up his initial act of transmission." (*Pajor v Kralik, supra.*) Concur — Kupferman, J. P., Sullivan, Ross and Carro, JJ.