■ JOHN THOMPSON, Respondent, v. MALACHI HOOK et al., Appellants.— In an action to recover damages for an assault and battery allegedly committed by defendant Hook during the course of his employment, said defendant and his employers, the defendants Canon and Eli Service Station, appeal from an order of the Supreme Court, Queens County, dated July 23, 1962, which denied their separate motions to dismiss the complaint for lack of prosecution.

Order affirmed, on the condition that, within 30 days after entry of the order hereon, plaintiff shall pay one bill of $50 costs and disbursements to defendants Canon and Eli Service Station and another bill of $50 costs and disbursements to defendant Hook. Plaintiff had filed his note of issue subsequent to the motion of defendants Eli Canon and Eli Service Station, but prior to the motion of defendant Hook (who also sought vacatur of the note of issue). The excuse offered by plaintiff for the unreasonable neglect to bring the action to trial for more than three and a half years is insufficient (*Gold* v. *Bluvshtein*, 18 A D 2d 671; *Siegel* v. *City of New York*, 16 A D 2d 679; *Topp* v. *Casco Prods. Corp.*, 8 A D 2d 727; *O'Rourke* v. *City of New York*, 3 A D 2d 713; *Lange* v. *Bagish*, 285 App. Div. 833). However, defendant Hook acquiesced in the delay by his inactivity and by failure to move to dismiss prior to the time plaintiff had noticed the case for trial — facts which the Special Term properly took into consideration (*Richardson* v. *Erie R. R. Co.*, 280 App. Div. 958; *Nelson* v. *Ryan*, 214 App. Div. 821; *Mladinich* v. *Livingston*, 112 App. Div. 181). It also appears that defendants Eli Canon and Eli Service Station, whose motion to dismiss preceded the filing of the note of issue, had consented to withdraw their motion because of the illness of plaintiff's trial counsel, but revoked their consent by reason of Hook's insistence upon a determination of his motion to dismiss (and to vacate said note of issue). These facts support the Special Term's exercise of discretion in plaintiff's favor. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.