EUGENE FORTE, Respondent, v. STAPLES CONSTRUCTION CO., INC., Appellant, et al., Defendant.— In an action to recover damages for personal injury, defendant Staples Construction Co., Inc., appeals, as limited by its brief, from: (1) so much of an order of the Supreme Court, Nassau County, dated October 1, 1962, granting conditionally its motion to dismiss the complaint for lack of prosecution (former Civ. Prac. Act, § 181; Rules Civ. Prac., rule 156; cf. CPLR 3216), as permitted plaintiff to vacate the dismissal within 30 days "upon a showing that the delay encountered in prosecution is excusable, and upon an affidavit of merits from the plaintiff"; and (2) from an order of said court, dated December 12, 1962, which granted plaintiff's motion to vacate the dismissal, upon condition that the action be noticed for a specified subsequent term of the court. Order of October 1, 1962 modified by striking out its decretal paragraph, and by substituting therefor a paragraph granting unconditionally the motion of the defendant Staples Construction Co., Inc., to dismiss the complaint. As so modified, order, insofar as appealed from, affirmed, without costs. Order of December 12, 1962 reversed, without costs, and motion denied. In our opinion plaintiff, on both motions, failed adequately to explain or to show a reasonable excuse for the delay of almost four years since joinder of issue in bringing the case on for trial. Plaintiff also failed, on the original motion to dismiss, to make, under oath, an adequate showing of merit with respect to the cause of action pleaded by him. Under the circumstances, we believe that the Special Term improvidently exercised its discretion in failing to grant the motion to dismiss unconditionally (*Costanzo* v. *Schwedler*, 14 A D 2d 814; *Topp* v. *Casco Prods. Corp.*, 8 A D 2d 727, app. dsmd. 7 N Y 2d 742; *Lange* v. *Bagish*, 285 App. Div. 833). The excuse that the file in the case was lost in the attorney's office is insufficient (*Gallagher* v. *City of New York*, 19 A D 2d 623; *Dougherty* v. *Conti*, 4 A D 2d 682). The mere service, without

filing, of a note of issue prior to the service of a notice of motion to dismiss is ineffectual; it does not satisfy the statutory requirement that the note of issue be served and filed within the time prescribed (former Civ. Prac. Act, § 433; Rules Civ. Prac., rule 150; cf. CPLR 3215, 3402). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.