JOHN S. WILSON, Respondent, v. BOERUM AUTO SERVICE, INC., Appellant.— In an action to recover damages for personal injuries, defendant appeals, by permission of the Appellate Term of the Supreme Court, from an order of said court, entered July 16, 1965, which affirmed an order of the Civil Court of the City of New York, County of Kings, entered February 26, 1965, denying defendant's motion to dismiss the action for failure to prosecute. Orders of the Appellate Term and of the Civil Court reversed, without costs; motion to dismiss granted and complaint dismissed, without costs. Defendant's motion was denied because of its failure to show that it had served the 45-day notice required by CPLR 3216. If the motion had been opposed, the denial of the motion would have been proper (*Salama* v. *Cohen*, 16 N Y 2d 1058; *Tomich* v. *Cohen*, 16 N Y 2d 1058). However, there was no appearance by the plaintiff either at Special Term or in the Appellate Term or in this court. Under such circumstances, we are of the opinion that the complaint should be dismissed. Upon plaintiff's default, the motion should have been granted as a matter of course (cf. *Palmedo* v. *Walton Reporter Co.*, 112 Misc. 729, 730, affd. 193 App. Div. 920); and any failure by defendant to comply with the statutory requirements may be considered waived by plaintiff's nonappearance on the motion. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HOMERO DIAZ, Defendant.— Motion by defendant for leave to prosecute appeal on original papers and for other relief denied. On February 14, 1964 defendant was convicted of attempted violation of section 1751 of the Penal Law as a felony, and sentenced to a term of 2½ to 5 years. Defendant did not file a timely notice of appeal. As the result of a *coram nobis* application, an order was made on September 14, 1965 finding that the prison authorities improperly prevented defendant from taking an appeal within the prescribed 30-day period. The Court of Appeals has held that, under these circumstances, the judgment of conviction (even though valid) should be vacated by the trial court and defendant remanded for resentence so that the time for taking an appeal would date from the rendition of the new judgment. (*People* v. *Hairston*, 10 N Y 2d 92.) However, the trial court failed to follow the procedure so set forth. Because of this failure of the trial court, defendant on September 17, 1965 served a notice of appeal from the judgment of February 14, 1964. This notice of appeal is not timely and, therefore, there is no valid appeal presently pending before this court. The denial of the present motion is without prejudice to a motion for resentence in accordance with the rule in *People* v. *Hairston* (*supra*). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.