■ WALTER C. MARTINE, Appellant, v. ALVIN H. GRIFFITHS et al., Respondents.— In a personal injury action, plaintiff appeals from an order of the Supreme Court, made in Ulster County, on July 29, 1971, but entered in Orange County on August 2, 1971, which denied his motion to vacate a prior order dismissing the complaint for failure to prosecute. Order reversed, without costs, and motion granted. This action was commenced in November, 1967 and issue was joined in February, 1968. Defendants sought certain income tax records and a further physical examination of plaintiff, and sent four letters to plaintiff's attorney requesting same, the most recent being in February, 1970. There were no replies and the case had not been placed on the calendar, when, in March, 1970, defendants moved to dismiss the complaint because of plaintiff's delay and neglect in prosecution of the action. No opposition was submitted, and an order was made on June 5, 1970 dismissing the complaint. In May, 1971 plaintiff moved to vacate the dismissal, and for permission to serve a note of issue. The denial of such motion is the subject of the appeal. Dismissals for want of prosecution are governed by CPLR 3216, which provides in part that: " (b) No dismissal shall be directed　＊　＊　＊　unless the following conditions precedent have been complied with:　＊　＊　＊　(3) The court or party seeking such relief　＊　＊　＊　shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within forty-five days after receipt of such demand ". In upholding the constitutionality of this rule, the Court of Appeals stated (*Cohn* v. *Borchard Affiliations*, 25 N Y 2d 237, 246) : " As it now reads, the statute permits of no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand that he file a note of issue. In other words, under the 1967 change, any plaintiff who has neglected to place his case on the calendar for any reason automatically gets a second chance to do so before his case may be dismissed." The statute expressly makes the service of a notice to resume prosecution and to file a note of issue within 45 days a *condition precedent* to a dismissal for lack of prosecution. Absent proof of such service, a motion to dismiss may not be entertained (cf. *Wilson* v. *Boerum Auto Serv.*, 24 A D 2d 1029). Although neither side raised the issue, the record on appeal shows that defendants failed to comply with CPLR 3216 since no 45-day notice was served. Special Term was therefore without jurisdiction to entertain defendants' motion to dismiss the complaint for failure to prosecute (see *Patricia Ann Homes* v. *Damiani*, 35 A D 2d 825). Accordingly, plaintiffs' motion to vacate the order dismissing his complaint and to permit him to file a note of issue is granted. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.