■ ANTHONY GENOVESE, Respondent, v KOGEL MATERIALS CORP. et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from (1) an order of the Supreme Court, Suffolk County, dated December 14, 1976, which, *inter alia,* granted plaintiff's motion to dismiss their counterclaim for lack of prosecution and (2) so much of a further order of the same court, dated February 28, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated December 14, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order dated February 28, 1977 reversed insofar as appealed from, with $50 costs and disbursements to appellants, and motion to dismiss the counterclaim and cross motion to sever the counterclaim both denied. This action arose out of a collision between the corporate defendant's truck and the plaintiff's car. The plaintiff instituted an action for personal injuries and the defendants counterclaimed for property damage to the truck. Plaintiff was represented by separate sets of attorneys in the main action and in defense of the counterclaim. The attorney representing plaintiff in defense of the counterclaim served a demand to proceed on defendants pursuant to CPLR 3216 on July 8, 1976. The demand was mailed by registered mail on that day. On August 23, 1976 plaintiff moved to dismiss the counterclaim for failure to prosecute. Defendants cross-moved for severance of the counterclaim and for leave to file a note of issue with respect to the counterclaim only. Special Term granted the motion to dismiss the counterclaim. Special Term also granted the defendants' cross motion to the extent of severing the counterclaim. This was improper. In view of Special Term's determination on the motion to dismiss the counterclaim, it should have denied the cross motion as moot. In our view Special Term erred in dismissing the counterclaim and the order appealed from must be reversed. CPLR 3216 requires that a party seeking a dismissal thereunder wait 45 days after the other party receives the demand before moving for a dismissal. In this case the earliest date on which

defendants could have received the demand was July 9, 1976. Using that date for the computation (cf. General Construction Law, § 20), the earliest date on which the motion to dismiss could have been served was August 24, 1976. Here the motion to dismiss was made on August 23, 1976, one day too early. Defendants failed to raise this point in opposing the plaintiff's motion. Special Term lacked jurisdiction to entertain the motion, because plaintiff failed to wait the full 45 days after the demand was received before seeking a dismissal (see *Cohn v Borchard Affiliations*, 25 NY2d 237; *Patricia Ann Homes v Damiani*, 35 AD2d 825). Strict compliance with the conditions precedent under CPLR 3216 is necessary to invoke the jurisdiction of Special Term to reach the merits of such a motion *(Wilson v Boerum Auto Serv.*, 24 AD2d 1029; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216.14, p 925). Noncompliance with said conditions precedent is not waived by a failure to raise such defects at Special Term *(Martine v Griffiths*, 39 AD2d 553). We further note that had we reached the merits of the motion, we would have been compelled to reverse the dismissal as an abuse of discretion. The record indicates that the counterclaim had never been severed from the main action prior to the instant motion and that both parties and all counsel had acquiesced in delaying the prosecution of the counterclaim, and the main action as well, due to difficulties encountered in completing discovery proceedings. Indeed, it should be noted that plaintiff had not even filed a note of issue on his personal injury action at the time of the filing of the motion to dismiss the counterclaim. Under these circumstances, the motion to dismiss the counterclaim should have been denied *(Thompson v Hook*, 18 AD2d 710; *Samuels v Hirsch*, 19 AD2d 890; *Brown v Weissberg*, 22 AD2d 282). Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.