■ ANDREA CACHAT et al., v J. E. GUERTIN CO. et al. — Motion, insofar as it seeks reargument, denied, and insofar as it seeks leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this court, properly made?" Concur — Murphy, P. J., Birns, Sandler, Silverman and Bloom, JJ.

## (February 10, 1981)

■ DOROTHY S. LEVIN, as Executrix of PAULINE SPANIERMAN, Deceased, Respondent, v 40 REALTY, INC., Appellant. — Order, Supreme Court, New York County, entered on March 11, 1980, which vacated plaintiff's default in the service of a verified bill of particulars and note of issue and which conditionally granted defendant's motion to dismiss the complaint, unanimously reversed to the extent appealed from, on the law and the facts and in the exercise of discretion, and motion to dismiss granted unconditionally, with costs. Plaintiff-respondent brought suit by summons and complaint served September 10, 1976, seeking to recover for the wrongful death of her decedent, Pauline Spanierman, on September 12, 1974, when a criminal third party illegally entered decedent's apartment at 40 West 77th Street and killed her. Plaintiff alleges that defendant-appellant landlord failed to provide the proper security, thus permitting the intruder to enter the premises and kill decedent. Following service of a summons and complaint plaintiff did nothing to further prosecute this action for almost three years. On November 9, 1979, defendant served a 90-day notice, pursuant to CPLR 3216, and on February 20, 1980 defendant moved for dismissal for failure to prosecute. Plaintiff contends she received the notice on November 13, 1979 and served a bill of particulars and note of issue on February 13, 1980, but her papers were returned by the clerk of the court as inadequate and accompanied by the incorrect fee. She was therefore forced to file a note of issue and supporting papers on February 29, 1980, after the time had expired. On March 11, 1980 the Supreme Court entered an order granting defendant's motion to dismiss unless plaintiff has filed the appropriate papers and paid the required fee within 15 days of the date of service with notice of entry of the order and has paid $40 costs within said 15 days. Plaintiff had served a new note of issue, etc., but did not pay the $40 costs. To excuse such a default plaintiff must make a showing of both a reasonable excuse for delay and a meritorious cause of action. In the absence of such a showing defendant is entitled to an absolute dismissal. *(Sortino v Fisher,* 20 AD2d 25.) *Barasch v Micucci* (49 NY2d 594), upheld the requirement of an affidavit of merit in such cases and further held that such affidavit should be "sufficient to establish prima facie that plaintiff has a good cause of action." In the instant case the attorney's affirmation merely paraphrases his bill of particulars and alleges defendant's negligence in general terms, without containing evidentiary facts. Such an affirmation is legally insufficient. Plaintiff's attorney failed to explain or excuse his delay. Law office failures, such as incorrectly filed papers on the eve of a motion to dismiss, where nothing was done to prosecute the action for almost three years, cannot properly serve as a basis for defeating the motion. The motion under CPLR 3216 should have been granted unconditionally. Concur — Murphy, P. J., Sullivan, Carro and Silverman, JJ.