■ Dolores F. Codarini, Respondent, v Lorraine Harrison et al., Appellants, et al., Defendants. — In an action, *inter alia*, to recover damages for breach of contract, the individual defendants appeal from so much of an order of the Supreme Court, Rockland County, entered August 8, 1979, as denied the branch of their motion which was for summary judgment dismissing the first cause of action against them. Order modified, on the law, by adding thereto, immediately after the provision denying the motion, the following: "except that defendant Ben Harrison is granted summary judgment as to the first cause of action." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Although the contract for the sale of the real property, as originally prepared, listed "Ben Harrison and Lorraine Harrison, his wife", as the purchasers, the name "Ben Harrison" and the words "his wife" were stricken, and Lorraine Harrison was the only one who signed it as the purchaser. There is therefore no issue of fact as to defendant Ben Harrison's nonliability on the first cause of action, the gravamen of which is breach of contract. Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.

■ Philip Crucilla, Respondent, v Howe Richardson Scale Co., Appellant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, defendant Howe Richardson Scale Co., appeals from so much of an order of the Supreme Court, Kings County, dated September 17, 1980, as granted plaintiff's motion for reargument of the denial of his motion to vacate an order dismissing the complaint and, upon reargument, granted the motion to vacate and imposed $250 costs on plaintiff's attorney. Order modified, on the law, by deleting therefrom the provisions granting the motion to vacate and imposing costs and substituting therefor a provision adhering to the original determination. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements payable to defendant. Excuses amounting to "law office failure", as a matter of law, are insufficient to vacate an order dismissing an action for failure to serve and file a note of issue pursuant to CPLR 3216 *(Sortino v Fisher, 20 AD2d 25; cf. Barasch v Micucci, 49 NY2d 594).* In the absence of a reasonable excuse for the delay, it was error for Special Term to permit plaintiff to proceed against defendant solely on the ground that defendant had not demonstrated any prejudice resulting from the delay *(cf. Barasch v Micucci, supra; Verre v Rosas, 47 NY2d 795).* Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.

■ East Meadow Teachers Association, Appellant, v Board of Education of the East Meadow Union Free School District, Respondent. — In an action to recover damages for breach of a collective bargaining agreement, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 1, 1979, which, *inter alia*, granted the defendant's motion to dismiss the complaint. Order affirmed, without costs or disbursements. (See *Berlyn v Board of Educ.,* 80 AD2d 572.) Titone, J.P., Lazer, Mangano and Weinstein, JJ., concur.