■ EDMUND SCOTT et al., Respondents, v 99TH COMMERCIAL STREET, INC., et al., Appellants. — In an action, *inter alia,* to compel defendants to specifically perform the terms and conditions of a lease, defendants appeal from an order of the Supreme Court, Kings County (Morton, J.), dated October 30, 1980, which conditionally granted defendants' motion to dismiss the action. Order modified, on the law, by striking all language following the word, "granted". As so modified, order affirmed, without costs or disbursements. To excuse a default in failing to timely serve and file a note of issue upon demand pursuant to CPLR 3216, a defaulting plaintiff must show both a reasonable excuse for the delay and a meritorious cause of action. In the absence of such a showing, a defendant is entitled to an absolute dismissal (*Levin v 40 Realty,* 80 AD2d 515, affd 54 NY2d 624; see *Barasch v Micucci,* 49 NY2d 594; *Sortino v Fisher,* 20 AD2d 25; see, also, *Crucilla v Howe Richardson Scale Co.,* 80 AD2d 575). The plaintiffs failed to make the requisite showing of fact sufficient to excuse the delay in the prosecution of this action, including the period of 4 months and 21 days between service of the 90-day notice upon plaintiffs' attorney of record and the return date of defendants' motion to dismiss the action. Excuses amounting to law office failure are insufficient to defeat a CPLR 3216 dismissal motion. No justification is offered for the failure of plaintiffs' attorney to comply with the said 90-day notice. Accordingly, the defendants' motion to dismiss is granted unconditionally. Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.