■ LOCAL UNION No. 373 ROCKLAND COUNTY, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, Respondent, v CHARLES SFERRA, Appellant. — In an action, *inter alia,* to recover damages for fraud, defendant appeals from an order of the Supreme Court, Rockland County (Burchell, J.), entered September 29, 1981, which denied its motion to dismiss the complaint for failure to state a cause of action. Order modified, on the law, by adding thereto, after the words "time of trial" the following: "except that the motion is granted to the extent of (1) striking the second cause of action and (2) deleting from the last page of the complaint the words 'on the second cause of action' and 'on both causes of action' ". As so modified, order affirmed, without costs or disbursements. No separate cause of action lies for punitive damages (see *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Damiani, J. P., Lazer, Gibbons, and Rubin, JJ., concur.

■ SOLOMON LYNN, Respondent, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant. — Order of the Supreme Court, Nassau County (Meade, J.), dated October 2, 1981, affirmed, without costs or disbursements. No opinion. Plaintiff's time to file a note of issue is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.

■ MICHAEL A. MISKIEWICZ, as Father and Natural Guardian of ROBERT MISKIEWICZ, an Infant, et al., Respondents, v HARTLEY RESTAURANT CORP. et al., Defendants, and MICHAEL GRAMMAS et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants Grammas and Economou and defendant Village of Valley Stream appeal from so much of an order of the Supreme Court, Nassau County (Altimari, J.), dated July 14, 1981, as conditionally denied their motions pursuant to CPLR 3216 (subd [b]) to dismiss the complaint as to them. Order reversed, insofar as appealed from, on the law, with one bill of $50 costs and disbursements to appellants Grammas and Economou, and motions to dismiss granted. Plaintiffs' claim that they were waiting for an updated medical report before serving their note of issue is unacceptable because the note of issue was subsequently served without the report and because there was no reason, if the medical report was crucial, why counsel could not have taken steps to extend the time to make service. The record reveals simple law office failure blamed on a medical office. Special Term abused its discretion by refusing to unconditionally grant the motions (see *Crucilla v Howe Richardson Scale Co.,* 80 AD2d 575; *Barasch v Micucci,* 49 NY2d 594). Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.