■ STEVEN STEINER, an Infant, et al., Appellants, v EAST RAMAPO CENTRAL SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. SUSAN HANLEY, an Infant, by Her Father and Natural Guardian, LAURENCE C. HANLEY, Third-Party Defendant, Fourth-Party Plaintiff-Respondent; MICHAEL SELIGSON, Sued Herein as MICHAEL SEIGLSON, Fourth-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from two orders of the Supreme Court, Rockland County (Kelly, J.), both entered January 21, 1981, the first of which granted defendant East Ramapo Central School District's motion to dismiss plaintiffs' complaint for want of prosecution and the second of which denied, as moot, plaintiffs' motion to amend their summons and complaint to add the third- and fourth-party defendants as direct defendants in their action. Orders affirmed, with one bill of $50 costs and disbursements payable by plaintiffs to defendant third-party plaintiff East Ramapo Central School District. Where a defendant has properly served a 90-day notice pursuant to CPLR 3216 and a plaintiff thereafter fails to file his note of issue and statement of readiness within the 90-day period following the demand, upon defendant's motion to dismiss for

want of prosecution, such sanction may be avoided only in the event that the party on whom the demand was served demonstrates (1) a justifiable excuse for the delay, and (2) a good and meritorious cause of action (CPLR 3216, subd [e]; *Sortino v Fisher,* 20 AD2d 25, 32; *Keating v Smith,* 20 AD2d 141; *Levin v 40 Realty,* 80 AD2d 515; cf. *Barasch v Micucci,* 49 NY2d 594). The record reflects that plaintiffs neither provided an affidavit of merits nor demonstrated a reasonable excuse for their delay in failing to serve and file a note of issue within the 90-day period following the defendant's demand. The excuse proffered amounts to "law office failure" and, as such, it is insufficient as a matter of law to defeat defendant third-party plaintiff's motion to dismiss for want of prosecution (see *Scott v 99th Commercial St.,* 87 AD2d 626; *Crucilla v Howe Richardson Scale Co.,* 80 AD2d 575; cf. *Barasch v Micucci, supra,* p 599). Gibbons, J. P., Gulotta, O'Connor and Boyers, JJ., concur.