■ ANTE KURTIN, Respondent, v CATING ROPE WORKS, INC., et al., Appellants. (And a Third-Party Action.) — In a negligence and breach of warranty action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Aronin, J.), dated March 17, 1982, which, upon plaintiff's motion to vacate a 90-day notice to resume prosecution of the action served by defendants and defendants' cross motion pursuant to CPLR 3216 (subd [b], par [3]) to dismiss the action for failure to prosecute, *inter alia,* denied defendants' cross motion on condition that plaintiff serve and file a note of issue and statement of readiness within 15 days after service upon plaintiff of a copy of the order with notice of entry. Order reversed, on the law, with $50 costs and disbursements, motion denied, cross motion granted and complaint dismissed. Plaintiff was injured on February 14, 1972 while painting an airplane hangar at Kennedy Airport when the scaffolding upon which he was working collapsed, allegedly due to a defective support rope. This action was commenced on or about October 2, 1973, charging, *inter alia,* that the allegedly defective rope had been manufactured and supplied to plaintiff's employer by defendants Cating Rope Works, Inc., and Columbia Rope Co., Inc. Issue was joined on or about October 16, 1973. Thereafter, on January 24, 1974, defendants commenced a third-party action against plaintiff's employer and the owner of the hangar. On April 18, 1981, defendants served plaintiff with a 90-day notice pursuant to CPLR 3216 (subd [b]), to resume prosecution of the action by serving and filing a note of issue. Plaintiff failed to comply with this 90-day notice. Rather, on or about October 14, 1981, some six months after it was served, he moved to vacate said notice. Defendants cross-moved to

dismiss the action for failure to prosecute. Special Term, *inter alia,* denied the cross motion on condition that plaintiff serve and file a note of issue and statement of readiness within 15 days after service upon plaintiff of a copy of its order with notice of entry. Plaintiff was also granted leave to conduct or complete discovery or disclosure proceedings within 60 days from the date of filing of the statement of readiness. Where a defendant has properly served a notice pursuant to CPLR 3216 requesting that plaintiff resume prosecution of the action, the plaintiff thereafter fails to comply with the notice within the 90-day period following its service, and defendant moves to dismiss for want of prosecution, the plaintiff may avoid dismissal only upon a showing of a justifiable excuse for the delay and a meritorious cause of action (*Steiner v East Ramapo Cent. School Dist.,* 88 AD2d 594; *Miskiewicz v Hartley Rest. Corp.,* 88 AD2d 586; *Scott v 99th Commercial St.,* 87 AD2d 626). The excuse proffered by plaintiff for failing to comply with the 90-day notice at bar — that the attorney handling the matter for plaintiff's counsel had left the firm and that the case was being reassigned — amounts to no more than law office failure. Accordingly, it was an abuse of discretion as a matter of law for Special Term to refuse to unconditionally grant defendants' cross motion to dismiss (*Steiner v East Ramapo Cent. School Dist., supra; Miskiewicz v Hartley Rest. Corp., supra; Scott v 99th Commercial St., supra; Sortino v Fisher,* 20 AD2d 25; cf. *Barasch v Micucci,* 49 NY2d 594). Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.