■ JOHN B. SALCH, Respondent, v LOUIS PARATORE et al., Appellants. — In an action to recover damages for personal injuries, defendants appeal from two orders of the Supreme Court, Westchester County (Ferraro, J.), both entered May 17, 1982, which denied their respective motions to dismiss the action for want of prosecution. Orders reversed, in the exercise of discretion with one bill

of $50 costs and disbursements, defendants' motions granted and complaint dismissed. Defendants each served a proper written demand pursuant to CPLR 3216, requiring plaintiff to resume prosecution of his action and to serve and file a note of issue within 90 days. After the prescribed 90-day period expired, they each moved to dismiss for want of prosecution. Special Term denied their motions, finding that because of the "difficulties * * * encountered by plaintiff's counsel in preparing for trial * * * and in the absence of a showing of prejudice to defendants, plaintiff should not be deprived of his day in court". To defeat defendants' motions to dismiss for want of prosecution, plaintiff was required to demonstrate (1) a justifiable excuse for the delay and (2) a meritorious cause of action (*Steiner v East Ramapo Cent. School Dist.*, 88 AD2d 594). The excuse proffered by plaintiff for failing to comply with the 90-day notice at bar amounts to no more than law office failure. It was error for Special Term to allow plaintiff to proceed against defendants on the ground that there was no demonstrated prejudice resulting from the delay (*Crucilla v Howe Richardson Scale Co.*, 80 AD2d 575). Accordingly, it was an abuse of discretion for Special Term to deny the respective motions by defendants to dismiss for want of prosecution (*Kurtin v Cating Rope Works*, 91 AD2d 677; *Steiner v East Ramapo Cent. School Dist., supra; Miskiewicz v Hartley Rest. Corp.*, 58 NY2d 963; cf. *Barasch v Micucci*, 49 NY2d 594). Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.