■ R.S.J. LEASING CORP. et al., Respondents, v MICHELIN TIRE CORP. et al., Respondents, and ARMCO INC., Appellant. (And Two Additional Actions.) — In an action sounding in negligence, breach of warranty, strict liability and

intentional tort, defendant Armco Inc. (hereinafter Armco) appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 29, 1982, which denied its motion pursuant to CPLR 3212 and 3216 to dismiss the complaint and all cross claims against it, without prejudice to renew upon proper papers. Order reversed, on the law, with one bill of $50 costs and disbursements, motion granted and the complaint and all cross claims against defendant Armco dismissed. The doctrine of collateral estoppel bars relitigation of issues of ultimate fact between the same parties when those issues have been determined by a prior, valid, final judgment (*Matter of McGrath v Gold,* 36 NY2d 406, 411). In the instant case, Armco's potential liability for the truck crash which forms the basis of this action and which occurred on July 7, 1977, is based on allegations of negligence and breach of express and implied warranties in connection with the loading of steel into the truck. The issues raised by those allegations were determined on January 19, 1981 when the Supreme Court, Queens County, in a separate action, granted Armco's cross motion for summary judgment dismissing the complaint and all cross claims against it (see *Engel v Aponte,* 51 AD2d 989, 990). Special Term erred in denying Armco's motion for summary judgment dismissing the complaint and all cross claims against it in the instant action, brought by plaintiffs herein, who were parties defendant in the prior action, and who alleged in that action that Armco was responsible for the truck crash based on the same theories as those presented herein. Moreover, the plaintiffs' complaint must also be dismissed pursuant to CPLR 3216 (subd [e]) which authorizes the dismissal of an action for want of prosecution. On October 1, 1981, more than one year after joinder of issue, Armco served plaintiffs with notice pursuant to CPLR 3216 demanding that they resume prosecution of the action, and serve and file a note of issue within 90 days. It has now been more than five and one-half years since the accident occurred and more than one year since the demand was made, and no note of issue has yet been filed. Plaintiffs have failed to demonstrate a reasonable excuse for the delay in prosecution and merit to their claims against Armco so as to avoid dismissal of their complaint against it (see *Scott v 99th Commercial St.,* 87 AD2d 626). Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.