■ JOHN WAINWRIGHT, Respondent, v ELBERT LIVELY & COMPANY, INC., et al., Respondents, and LOGEMANN BROTHERS, INC., Defendant and Third-Party Plaintiff-Respondent. NASSAU RECYCLE CORPORATION, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries, third-party

defendant appeals from an order of the Supreme Court, Richmond County (Goldberg, J.), dated April 15, 1983, which denied its motion to dismiss the complaint, and to dismiss the third-party complaint and Elbert Lively & Company, Inc.'s, cross claim against it. Order affirmed, without costs or disbursements, upon condition that plaintiff serve third-party defendant with a note of issue within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry, and upon further condition that plaintiff file the note of issue, with proof of service, within 10 days after service. In the event these conditions are not complied with, order modified, by deleting those provisions which denied those branches of third-party defendant's motion which sought dismissal of the complaint and third-party complaint against it, those branches of third-party defendant's motion are granted, and as so modified, order affirmed, with one bill of costs to appellant. Third-party defendant Nassau Recycle Corporation (Nassau) served a demand to serve and file a note of issue (CPLR 3216, subd [b], par [3]) upon plaintiff and defendant third-party plaintiff Logemann Brothers, Inc. (Logemann) on or about September 30, 1982. Thus, a note of issue was required to be served upon the demanding party within 90 days after receipt of the demand, on or about December 29, 1982 (CPLR 3216, subd [c]). However, Nassau was not served within the required time, or at any time thereafter, and it therefore moved, *inter alia,* to dismiss the complaint, third-party complaint and a cross claim brought by Elbert Lively & Co., Inc. (Lively) upon that ground. In opposition to the motion, plaintiff's attorney conceded that while he had timely filed and served the note of issue upon all other parties, he had inadvertently neglected to serve Nassau. As a result, the action had been placed on the calendar and granted a general preference without Nassau's knowledge. Nevertheless, Special Term denied the motion to dismiss. CPLR 3402 provides in pertinent part that a case is placed on the calendar by filing a note of issue with proof of service. In addition, this court's rules (22 NYCRR 675.1) prohibit the placement of an action on the calendar unless a note of issue is filed with proof of service "upon all other parties who have appeared, or written waiver of service" (22 NYCRR 675.1 [b]). This court has held that the mere service of a note of issue, without filing, does not satisfy the statutory requirement of CPLR 3402 and is therefore ineffective (*Forte v Staples Constr. Co.,* 20 AD2d 562). Logically, the mere filing of a note of issue, without the required service upon all parties, should lead to the same result. The failure to serve a party with a note of issue effectively deprives that party of an opportunity to challenge the placement of the case on the calendar. Since it is conceded in this case that the note of issue filed by plaintiff was not accompanied by proof of service upon all parties, the filing was insufficient for purposes of permitting the action to be placed on the calendar. Nevertheless, on the facts herein, we conclude that dismissal of the complaint and third-party complaint against Nassau was not warranted. While it is true that neither plaintiff nor defendant third-party plaintiff Logemann effectively served nor filed a note of issue within 90 days, as demanded by Nassau, it is clear that plaintiff substantially complied with the demand, and with the statutes and rules, by timely serving its note of issue upon all other parties and by timely filing the same with proof of service. Thus, it is evident that plaintiff had every intention of continuing to prosecute the action, notwithstanding his inadvertent failure to serve one of four other parties. Plaintiff's error may be characterized as law office failure, and it is within the court's discretion to excuse a defect in the service or filing of a note of issue caused by such failure (*Miskiewicz v Hartley Rest. Corp.,* 88 AD2d 586, revd 58 NY2d 963, on remittitur 95 AD2d 826). Accordingly, the complaint and third-party complaint should not be dismissed, so long as plaintiff serves Nassau with a copy of the note of issue in compliance with the

order to be made hereon. Nassau may thereafter move to strike the case from the calendar pursuant to 22 NYCRR 675.3 and 675.4 if it be so advised. Nassau's motion to dismiss the cross claim of Lively was properly denied. Since Nassau's 90-day demand (CPLR 3216, subd [b]) was directed at plaintiff and Logemann only, Lively was under no obligation to serve a note of issue upon Nassau within the required period of time. For Special Term to reach the merits of a motion to dismiss for want of prosecution, the moving party must strictly comply with the conditions precedent in CPLR 3216 (*Genovese v Kogel Materials Corp.,* 61 AD2d 820). By failing to name Lively in its demand, Nassau could not thereafter seek dismissal of Lively's cross claim against it under that section. We have considered the remaining contentions raised on appeal and find them to be without merit. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.