■ JOHN B. SALCH, Respondent, v LOUIS PARATORE, Appellant, et al., Defendants. — In an action to recover damages for personal injuries, defendant Louis Paratore appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered May 17, 1982, which denied his motion to dismiss the action as against him for want of prosecution. By order dated March 14, 1983, this court, *inter alia,* reversed Special Term's order and granted Paratore's motion dismissing the complaint as to him (*Salch v Paratore,* 92 AD2d 889). By order dated November 3, 1983, the Court of Appeals modified this court's order by reversing the dismissal of the complaint against defendant Louis Paratore and remitting the matter for consideration in the exercise of discretion pursuant to CPLR 2005 (60 NY2d 851). ¶ On consideration following remittitur, order affirmed, without costs or disbursements, on condition that plaintiff's counsel shall personally pay to defendant Paratore the sum of $1,000 within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event there is a failure to comply with this condition, order reversed, as a matter of discretion, with costs, defendant Paratore's motion to dismiss granted and complaint dismissed as to him. ¶ As noted in this court's original memorandum, the excuse proffered by plaintiff for failing to comply with a 90-day notice (CPLR 3216) amounts to no more than law office failure (*Salch v Paratore,* 92 AD2d 889, 890, *supra*). Based on the controlling law at that time, this court found an abuse of discretion on the part of Special Term for allowing plaintiff to proceed against defendants on the ground that there was no demonstrated prejudice resulting from the delay. The Court of Appeals remitted the matter for further consideration by this court as to defendant Paratore in light of CPLR 2005 which was enacted while the matter was pending in that court. ¶ Based on this legislative enactment, we conclude that plaintiff's default should be excused in pursuit of the long-established public policy that actions should be resolved on their merits (*Mineroff v Macy's & Co.,* 97 AD2d 535, 536). Although plaintiff's excuse could not defeat a motion to dismiss the action under the principles promulgated by the Court of Appeals in *Barasch v Micucci* (49 NY2d 594) and its progeny, CPLR 2005 and recent amendments to the CPLR empower the courts to exercise their discretion and excuse defaults resulting from law office failure, in the interest of justice, where the circumstances are otherwise deemed appropriate (CPLR 2005, added L 1983, ch 318, eff June 21, 1983; see *Pettinato v Sunscape at Bay Shore Home Owners Assn.,* 97 AD2d 434; *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407; *S.G.S.G. Constr. Corp. v Marr,*

96 AD2d 937). ¶ Since the Court of Appeals has concluded that plaintiff's verified complaint constitutes a sufficient affidavit of merit and there was no demonstrated prejudice to defendant Paratore, we view this as an appropriate case to impose financial sanctions against the offending counsel in preference to outright dismissal of plaintiff's cause of action (*Mineroff v Macy's & Co.,* *supra*). Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.