■ ANN J. COVELLO, Now Known as ANN J. ROONEY, Respondent, v MICHAEL J. COVELLO et al., Defendants, and PATRICK J. BARTON, Appellant.—In an action to recover damages for fraud and legal malpractice, the defendant Patrick J. Barton appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 25, 1985, which (1) denied his motion to dismiss the action insofar as it is asserted against him owing to the plaintiff's default in serving him with a complaint and (2) granted the plaintiff's cross motion to compel the appellant to accept service of the complaint.

Order reversed, on the law and in the exercise of discretion, with costs, motion granted, cross motion denied, and the plaintiff's action against the remaining defendants is severed.

The plaintiff failed to provide either an acceptable excuse for her default or an affidavit of merit sworn to by an individual having personal knowledge of the facts *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904). While it is true that in some circumstances a verified complaint may serve as an affidavit of merit, the complaint verified by the plaintiff contains no statements of fact upon which a conclusion that the plaintiff's action against the appellant has merit could be reached, for it is composed entirely of conclusory allegations of wrongdoing, many of which are based upon "information and belief" *(see, e.g., Salch v Paratore,* 100 AD2d 845). Furthermore, any prejudice occasioned by the defendant Barton's delay in moving to dismiss the plaintiff's action insofar as it is asserted against him should not fall upon him and should, instead, be charged to the plaintiff. While the plaintiff could have sought to compel acceptance of her complaint and to vacate her default at a time when its service was only several months overdue, she chose to wait to seek such relief for a period in excess of two years, during which time her former

husband, a man who could have potentially aided Mr. Barton in his defense, had died. She has shown neither an acceptable excuse for her delay, nor any merit to her causes of action against Mr. Barton. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.