■ In the Matter of JOHN KAHOUD, Respondent. SCOTT RUNDELL, Doing Business as ISLAND OUTBOARDS, Appellant.— In a special proceeding pursuant to Lien Law § 201-a to determine the validity of certain liens, the appeal is from an order of the Supreme Court, Nassau County (Wager, J.), dated August 13, 1985, which denied the appellant's motion to vacate a judgment of the same court (Velsor, J.), dated July 24, 1985, which discharged the notices of sale and notices of lien placed upon the petitioner's property.

Ordered that the order is affirmed, without costs or disbursements.

The attorney for the appellant did not make a sufficient showing to overcome the presumption of proper mailing which arose upon submission of a properly executed affidavit of service *(see, Engel v Lichterman,* 62 NY2d 943, 944; *see also, Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.,* 63 NY2d 742). Thus, we must conclude that the note of issue in this case was properly served and the proceeding properly placed on the calendar *(see,* CPLR 2103 [b] [2]; 3402 [a]; *Wainwright v Lively & Co.,* 99 AD2d 490), and that the resulting judgment which was entered after an inquest upon the default of the appellant was not the product of fraud. Because the judgment authorized the petitioner to take possession of the property, and there is no dispute that the petitioner removed the property in question from the appellant's premises, the appellant's subsequent motion to vacate the judgment was properly denied as academic, inasmuch as the liens were vacated once the property was no longer in the appellant's possession *(see,* Lien Law § 184). Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.