■ RUSSELL D. McCLURE, Respondent, v COUNTY OF NIAGARA et al., Appellants. [628 NYS2d 908] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from Supreme Court's denial of their motions to dismiss the complaint for plaintiff's failure to comply with a 90-day demand pursuant to CPLR 3216. Plaintiff filed a note of issue and certificate of readiness in response to the demand, but failed to serve defendants as required by CPLR 3216. To defeat the motions, plaintiff had to show a justifiable excuse for failing to serve the note of issue within the 90-day period following defendants' demand, and that he has a meritorious cause of action (see, Cook v Blue Ridge Ins. Co., 198 AD2d 795). The affidavit of plaintiff's attorney establishes law office failure as a justifiable excuse for the failure to serve the note of issue (see, Wainwright v Lively & Co., 99 AD2d 490, 491). The affidavit of plaintiff, although controverted by defendants Kanavel and Kowsky, demonstrates that his case has arguable merit with respect to them (see generally, Walker v Town of Lockport, 109 AD2d 1102, affd 65 NY2d 840; Jones v First Fed. Sav. & Loan Assn., 101 AD2d 1005, 1006). That affidavit is insufficient, however, to establish a meritorious cause of action against defendants County of Niagara and Niagara County Sheriff's Department. We, therefore, modify the order on appeal by granting the motion of County of Niagara and Niagara County Sheriff's Department and dismissing the complaint against them. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.