■ STEPHEN-LEEDOM CARPET COMPANY, INC., Appellant, v ARKWRIGHT-BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered on October 27, 1976, granting plaintiff's motion for reargument and adhering to orders entered herein on May 6, 1976, which had granted defendants' motions to dismiss the action because of plaintiff's delay in serving its complaint, modified, on the facts and in the exercise of discretion, to the extent of denying the motions to dismiss on condition that plaintiff pay to each defendant $1,000 plus costs and disbursements of this action to date within 30 days after service of a copy of the order entered hereon with notice of entry, and, as so modified, said order is affirmed, with one bill of $40 costs and disbursements of this appeal to defendants-respondents. The appeals from the original orders entered on May 6, 1976, are, accordingly, dismissed, without costs and without disbursements, and the judgments entered thereon on May 11 and 20, 1976, are reversed, on the law, on the facts and in the exercise of discretion, and such judgments are vacated, without costs and without disbursements. In the event plaintiff fails to comply with such condition, the order entered October 27, 1976 and judgments entered May 11 and 20, 1976, respectively, are affirmed, with $40 costs and disbursements of these appeals to defendants-respondents. This action was timely commenced against the two defendant insurance companies by service of a summons alone. Defendant, Arkwright-Boston Manufacturers Mutual Insurance Company, had issued a policy to plaintiff covering it against the risk of loss due to theft by persons other than employees and defendant, Insurance Company of North America, had issued a policy covering plaintiff against the risk of employee dishonesty. Both policies contained an inventory exclusion clause. It is clear that plaintiff has suffered extensive losses due to dishonesty. Its claim against defendant insurance companies allegedly exceeds $4,000,000. Plaintiff has, however, encountered serious difficulty in tracing the source of such losses. It has set forth in some detail the various efforts which have been made to determine the cause of the losses and it points to several arrests, confessions and even guilty pleas stemming from theft of its merchandise. We are of the view that such efforts and the seeming merit to plaintiff's claims entitle it to relief from Special Term's original orders of dismissal. However, delay in serving a complaint, such as has taken place in the instant matter, cannot be fully condoned and, we, therefore, are imposing on plaintiff the conditions mentioned above. Concur—Kupferman, J. P., Evans and Capozzoli, JJ.; Lynch, J., dissents in the following memorandum: I dissent and would affirm. Special Term's action was justified by the plaintiff's failure to show a meritorious cause of action (*Sortino v Fischer,* 20 AD2d 25). Obviously the loss of $4,000,000 invokes sympathy but it does not demonstrate the liability of these defendants who have insured only certain types of losses during certain periods of time. The plaintiff has failed to show any loss for which the defendant Arkwright could possibly be liable and, out of the $4,000,000, only a miniscule portion for which the defendant INA could be liable. Special Term's finding of an inadequate excuse for the delay in serving the complaints was warranted by the plaintiff's failure to show continuous activity in the preparation of the case (*Solomon v Perkins,* 52 AD2d 753, app dsmd 39 NY2d 922). Most of the plaintiff's investigative efforts took place before the service of the bare summons and do nothing to explain the delay of 16 months to 2 years after that service. If, as the majority holds, the plaintiff's "efforts and seeming merit" did not deserve the dismissal of the complaint, why should it have to pay a penalty of

$1,000 to each defendant to reinstate the complaint; especially, when the plaintiff is bankrupt?