■ CALLIOPE KULUKUNDIS et al., Respondents, v 795 FIFTH AVENUE CORPORATION et al., Defendants, and PIERRE SERVICES CORPORATION, Appellant.—Order, Supreme Court, New York County, entered on June 20, 1977, denying defendant-appellant's motion to dismiss this action because of plaintiffs' failure to serve a timely complaint, modified, on the facts and in the exercise of discretion, to the extent of conditioning such denial upon payment by plaintiffs to defendant-appellant of costs in the sum of $1,000 within 30 days after service upon respondents by appellant of a copy of the order entered hereon with notice of entry, and, as so modified, said order is affirmed, without costs and without disbursements. It is clear that plaintiffs have sustained severe losses and the majority is of the view that the present record, for the purposes of this motion, contains a sufficient indication of .

merit to their over-all claim. We do not purport to pass upon the legal sufficiency of all of the claims made by plaintiffs. The record further indicates the difficulty which plaintiffs encountered by virtue of the New York City Police Property Clerk's retention of the subject stolen property, necessitating legal proceedings against the property clerk in which plaintiffs were successful only after trial and a verdict in their favor. We are of the view that this record does not justify outright dismissal of this action. However, the long delay in service of a complaint herein cannot be fully condoned, and, we, therefore, are imposing upon plaintiffs the condition above mentioned (*Stephen-Leedom Carpet Co. v Arkwright-Boston Mfg. Mut. Ins. Co.,* 59 AD2d 673). Concur—Kupferman, J. P., Evans and Capozzoli, JJ.; Silverman, J., dissents in the following memorandum: I would reverse and dismiss the complaint because of the absence of a sufficient factual showing of adequate excuse for the 2½-year delay in service of the complaint and the absence of any showing of merit beyond a possible claim for $500. (Cf. General Business Law, § 200.)