■ WILLIAM J. POWERS, Respondent, v WILLIAM WAX, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered November 5, 1979 in Greene County, which denied defendant's motion to dismiss the action for failure to serve a complaint and granted plaintiff's cross motion to compel defendant to accept the complaint. This action was commenced by the service of a summons only on defendant on or about December 16, 1977. A notice of appearance and demand for a complaint were served on the then attorney for plaintiff on December 30, 1977. For over 17 months no effort was made to comply with this demand. On June 27, 1979, defendant moved to dismiss the action pursuant to CPLR 3012 (subd [b]). Prior to August 9, 1979, the return date of the motion, plaintiff served his complaint which defendant promptly returned as untimely. Special Term, in reliance on this court's holding in Carron v De Granpre (55 AD2d 712), denied defendant's motion and granted plaintiff's cross motion to compel acceptance of the complaint. This determination was an abuse of discretion by Special Term. The delay in Carron was 8 months, while here it was 17 months — inordinate by any standard. Therefore, such delay, absent a showing of unusual factors and continuous activity in preparation of the case, cannot be excused due to the difficulties and complexities inherent in the preparation of a medical malpractice action (Solomon v Perkins, 52 AD2d 753, app dsmd 39

NY2d 922). Furthermore, despite two separate notifications by this court that this appeal would be heard at the April term, plaintiff, who now appears *pro se,* has filed no brief or other papers in opposition to the appeal, from which a reasonable intent to abandon the action may be inferred. Accordingly, the order should be reversed and the complaint dismissed, on the merits, with prejudice. Order reversed, on the law and the facts, with costs, motion by defendant to dismiss action granted and cross motion by plaintiff denied. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.