ALOJZY J. NIESLUCHOWSKI et al., Respondents, v CLUTE MOTOR COMPANY, Defendant, and FORD MOTOR COMPANY, Appellant.

Third Department, February 25, 1982

APPEARANCES OF COUNSEL

*Hancock, Estabrook, Ryan, Shove & Hust (William L. Allen* of counsel), for appellant.

*Ziff, Weiermiller, Learned & Hayden (Scott J. Learned* of counsel), for respondents.

OPINION OF THE COURT

LEVINE, J.

This personal injury action arises out of an accident which occurred January 5, 1977. Plaintiffs obtained an order of the Supreme Court, dated October 22, 1979, authorizing their attorneys to take the oral deposition of the defendant, Clute Motor Company, Inc. (Clute), before commencement of the action, to assist them in drawing a complaint (CPLR 3102, subd [c]). In November, 1979, before the inception of such discovery proceedings, and because of the impending expiration of the Statute of Limitations, plaintiffs commenced the instant action by service of a bare summons on both defendants, who responded with

appropriate notices of appearance and demands for service of the complaint. Prior to the commencement of the deposition of Clute in April, 1980, there was an exchange of correspondence between the attorneys for plaintiffs and defendant Ford Motor Company (Ford). Ford's counsel, by letter dated February 26, 1980, expressed willingness to go ahead with the discovery proceeding in April, requested a copy of the complaint and asked that plaintiffs' attorneys "advise if there are any problems in forwarding to us a complaint by March 15, 1980." Plaintiffs' counsel's reply of March 7, 1980, advised that the deposition was for purposes of framing a complaint, pursuant to court order, and that the complaint would be forthcoming "as soon after the transcript of our EBT is available as possible." Thereafter, Ford's attorneys fully participated in the deposition of Clute on April 29 and August 21, 1980, and did not move to dismiss the action until September 24, 1980, some 21 days after delivery of the transcript of the examination. A proposed complaint was forwarded to Ford's attorneys October 2, 1980, and was rejected. Special Term denied Ford's motion to dismiss and the instant appeal ensued.

The pertinent factors presented here are, (1) that plaintiffs had obtained a prior court order authorizing discovery to assist in framing a complaint; (2) that the initiation of the action before completion of discovery was impelled by counsel's apprehension concerning the running of the Statute of Limitations; (3) that Ford's attorneys' failure expressly to object to plaintiffs' attorneys' letter of March 7, 1980, advising that the complaint would not be served until after receipt of the transcript of the examination, and their subsequent full participation in discovery proceedings in April and August, 1980, could reasonably have been considered by plaintiffs' attorneys as acquiescence in continued delay; and (4) that a proposed complaint was served reasonably promptly after completion of discovery and receipt of the transcript of the deposition. These factors afforded Special Term sufficient basis for its finding of excusable delay on the part of plaintiffs, which was implicit in its holding, following its recital of the procedural chronology of events, that "plaintiffs have herein demonstrated sufficient circumstances to resist a dismissal", and

they also justified the exercise of the court's discretion in denying Ford's motion to dismiss. *Barasch v Micucci* (49 NY2d 594), relied on by Ford, does not prohibit a trial court from also considering the absence of prejudice to a defendant as a factor to be weighed in the exercise of its discretion, either additionally or supplementary to factors bearing on excusable delay. To the contrary, *Barasch* holds only that, standing alone and without extenuating factors excusing delay other than "law office failure", the absence of prejudice is an insufficient basis, as a matter of law, upon which to deny a dismissal motion. *Barasch* (p 600) expressly rejects the imposition of any rigid rules limiting the trial court's discretion in these cases, recognizing that "the circumstances which may cause a plaintiff to postpone service of his complaint are too numerous and varied to be categorized in any systematic fashion".

The order should be affirmed, with costs, and plaintiffs' time to serve a complaint extended for 20 days following service of the order herein with notice of entry.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, with costs, and plaintiffs' time to serve a complaint extended for 20 days following service of the order herein with notice of entry.