■ Everett J. Krantz et al., Respondents, v Albert Mendel & Son, Inc., et al., Appellants, et al., Defendants. (Action No. 1.) Everett J. Krantz et al., Respondents, v Evi Scholz et al., Appellants, et al., Defendants. (Action No. 2.) — Appeals (1) by all defendants in Action No. 1, with the exception of defendants Frumerie and Brustman, from an order of the Supreme Court at Special Term (Pitt, J.), entered January 26, 1982 in Sullivan County, which, *inter alia,* denied the moving defendants' motion to dismiss Action No. 1 on the ground of untimely service of the complaint, and denied the motion of all defendants except defendants Kay, Brustman and Chase in Action No. 2 to

dismiss Action No. 2 for lack of personal jurisdiction, and (2) from an order of said court (Cholakis, J.), entered December 21, 1981 in Sullivan County, which denied the motion made in Action No. 1 by defendants Frumerie to dismiss Action No. 1 on the ground of untimely service of the complaint. The dispositive issue on these appeals is whether it was an abuse of discretion to deny defendants' motion to dismiss Action No. 1 for failure to serve the complaint timely. The delay of some 15 months in service of the complaint after demand had been made therefor allegedly resulted from counsel's lack of sufficient information to form a complaint. Yet the record reveals no effort by counsel to utilize the disclosure devices authorized by CPLR 3102 (subd [c]) to assist in drawing the complaint (see *Niesluchowski v Clute Motor Co.,* 85 AD2d 47). Nor did counsel move, pursuant to CPLR 2004, for an extention of time within which to serve the complaint (see *A & J Concrete Corp. v Arker,* 54 NY2d 870). The delay here was not a brief one, occasioned by an investigation being done at plaintiff's request, with the complaint being served promptly after the results of the investigation were learned (see *Hayes v Burke,* 88 AD2d 746). Rather, counsel sat back for more than a year, awaiting the results of an unrelated investigation by the State Commission on Investigation. One month after the commission published its report counsel sought the commission's files on the matter, but the complaint was not served for more than five months after counsel had obtained the material, and service was finally made only after some defendants had moved to dismiss the action. Under these circumstances, the delay was inexcusable (see *Powers v Wax,* 81 AD2d 979). Accordingly, it was an abuse of discretion to deny defendants' motions to dismiss Action No. 1, and Special Term's orders must be reversed. Orders reversed, on the law, with costs, motions to dismiss Action No. 1 pursuant to CPLR 3012 (subd [b]) granted, and Action No. 1 dismissed as to the moving defendants. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.