■ GLENN A. DONNELLY, Individually and Doing Business as D.I.R.T. OF NEW YORK, Respondent, v JUSTIN P. PEPICELLI, Appellant. — Order reversed, with costs, and motion granted. Memorandum: Special Term granted defendant's motion to dismiss the action for failure to serve a complaint unless plaintiff served a complaint within 20 days of its order. In making the order conditional, it abused its discretion (see *Saraceno v Piscopo,* 16 AD2d 735). Plaintiff's moving papers contain no competent evidence of merit to the action and his excuse, that discovery was necessary to draft a complaint, is no more than a law office failure under the circumstances presented (see *Cohen v First Nat. City Bank,* 75 AD2d 837, affd 52 NY2d 863; *Caton v Schenectady Gazette,* 82 AD2d 949; and cf. *Niesluchowski v Clute Motor Co.,* 85 AD2d 47). All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). There is no abuse of discretion by Special Term in granting "dismissal of this action pursuant to Section 3012(b) of the CPLR * * * unless the Plaintiff serves his Complaint in this action upon the attorneys for the Defendant within twenty (20) days from the entry of this Order". There was but a mere seven-day delay before institution of the motion. The record before Special Term demonstrated an ongoing relationship between the re-

spective attorneys and a continued effort on behalf of plaintiff to adequately formulate the complaint. A seven-day delay, which was not willful and cannot be described as lengthy is hardly justification for final judgment (*Semler v County of Monroe,* 90 AD2d 689). Special Term in its sound discretion determined that the supporting affidavits in opposition to defendant's motion spelled out excusable delay and a meritorious action. The decision to grant or deny is within the sound discretion of the court (*Barasch v Micucci,* 49 NY2d 594, 600) and we should not infringe upon that discretion to extend time upon such terms as may be just (CPLR 2004). There is a strong public policy to give a litigant in New York the opportunity to have one's day in court. Disposition on the merits has been favored by this court in the interest of justice (*Exact Tool & Die Corp. Bittlingmaier,* 70 AD2d 1055) and should be granted in this case. Impose some penalty for undue delay (see *Kulukundis v 795 Fifth Ave. Corp.,* 59 AD2d 866) but let us not establish a policy of denying New Yorkers access to their courts. (Appeal from order of Supreme Court, Onondaga County, Miller, J. — dismiss action.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.