■ JONATHAN A. WEINSTEIN et al., Respondents, v NATIONAL COMMITTEE FOR FURTHERANCE OF JEWISH EDUCATION et al., Appellants. — Order, Supreme Court, Queens County (Graci, J.), entered September 23, 1982, which denied defendants' motion to vacate a default judgment rendered on June 24, 1982, reversed, on the law, on the facts, and in the exercise of discretion, without costs, the motion to vacate default judgment is granted, and the matter is remanded for further proceedings. This action to recover for legal services was commenced by the service of a summons and complaint on June 2, 1982. Defendants' counsel received the papers on June 17, 1982, and then called plaintiffs, requesting a copy of accounts which had been rendered to defendants. A copy of such an account was received in the mail on June 21, 1982. Two days after the expiration of defendants' time to answer, the plaintiffs entered a default judgment. The appeal is from Special Term's denial of the motion to vacate that judgment. As Special Term appropriately noted, defendants' counsel did not move for an extension of time to answer nor did he in his single conversation with plaintiffs request such an extension. No doubt it was an error in judgment for counsel to assume from the conversation, and from the receipt of the requested information by mail on June 21, 1982, that plaintiffs would extend the courtesy of a few days to evaluate the information and review the facts with the defendants before entering a default. We are not persuaded that the principles enunciated in *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900, 903), decided only a few days before the expiration of defendants' time to answer, renders inviolable a default judgment entered two days after the expiration of the statutory period under the circumstance presented. Concur — Sandler, Silverman and Lynch, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: While I concur in the court's approach that to allow a default would be much too

draconian under the circumstances, in view of the Court of Appeals holdings in *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc. of U.S.* (56 NY2d 900; see Chase, New York Practice, Barasch Eaton Rule, NYLJ, Oct. 27, 1982, p 1, col 1; Nov. 23, 1982, p 1, col 1), it seems further thought should be given to the right of the plaintiffs. The default judgment should be kept in place as security while giving the defendants an opportunity to reply and contest the plaintiffs' claim. It should be noted that the plaintiffs made it clear that they expected a timely answer and so notified the defendants, and that this insistence upon strict compliance was based on previous equivocation by the defendants.