■ WARREN D. JOHNSON et al., Appellants, v MAX GUMER, Respondent. (Appeal No. 2.) — Order unanimously affirmed, with costs. Memorandum: Special Term did not abuse its discretion in denying plaintiffs' motion for a default judgment even though defendant's answer was served 17 days late and one day after plaintiffs moved for a default judgment. Within 20 days after the service of the complaint, defendant moved to dismiss the complaint on the ground that the action was barred by the Statute of Limitations. The motion was denied and the defendant was given 10 days after the service of the order to serve his answer. Defendant appealed from the order denying the motion, and in the mistaken belief that the appeal stayed the order, he did not serve his answer until the plaintiffs moved for a default judgment. This excuse for the delay is not, in our view, "law office failure" (see *Donnelly v Pepicelli*, 58 NY2d 268, revg 90 AD2d 955; *Miskiewicz v Hartley Rest. Corp.*, 58 NY2d 963; *CMI Clothesmakers v Knopf*, 91 AD2d 675; *Weinstein v National Committee for Furtherance of Jewish Educ.*, 91 AD2d 584; *Hayes v Burke*, 88 AD2d 746). Here, there was no showing of carelessness or indifference on the part of the attorney in the defense of the lawsuit; to the contrary he actively pursued the defense by timely moving to dismiss the complaint and promptly appealing the adverse ruling. The factual allegations in defendant's verified answer show a meritorious defense. (Appeal from order of Supreme Court, Erie County, Green, J. — default judgment.) Present — Dillon, P. J., Doerr, Boomer and Schnepp, JJ.