■ ALOS MICROGRAPHICS CORPORATION, Respondent, v JML OPTICAL INDUSTRIES, INC., Appellant.—In an action to recover damages predicated on breach of contract and breach of warranty, defendant appeals from an order of the Supreme Court, Orange County (Weiner, J.), entered September 18, 1984, which (1) granted plaintiff's motion to compel defendant to accept late service of the complaint, and (2) denied defendant's cross motion to dismiss the action.

Order reversed, on the law, with costs, plaintiff's motion to compel defendant to accept late service of the complaint

denied, and defendant's cross motion to dismiss the action granted.

This action to recover damages for breach of contract and breach of warranty is based on a contract allegedly entered into in 1978 and purportedly breached almost immediately. Following a period of negotiations with plaintiff's subcontractor, which apparently terminated in November 1979, plaintiff commenced this action by service of a summons with notice on or about October 10, 1980. On or about October 21, 1980, defendant's counsel served a notice of appearance and a demand for a complaint. No complaint was forthcoming, however, and in September 1983, almost three years later, plaintiff retained new counsel who made unsuccessful attempts to reopen negotiations. On or about February 10, 1984, plaintiff attempted to serve a complaint upon defendant, but the complaint was rejected as untimely based on the failure to comply with the prior demand. Plaintiff then moved to compel defendant to accept late service of the complaint, and defendant cross-moved to dismiss the action. Special Term granted plaintiff's motion and denied the defendant's cross motion. Defendant appeals from that order.

Plaintiff having failed to show the existence of a reasonable excuse for its delay as required by CPLR 3012 (d), the order must be reversed. The reason put forth by plaintiff to justify this three-year delay in the service of a complaint was the purported existence of settlement negotiations during that period. The only support for this claim is an affidavit by plaintiff's former attorney, who was unable to recollect the negotiations that took place in 1979, prior to commencement of the action, but was able to provide documentary evidence of those negotiations from his files. As to the period after commencement of the litigation, however, the attorney stated that he could find no records of such negotiations, but that he recollected that there had been some negotiations of unspecified duration at some point after the litigation was commenced. It is true, of course, that under appropriate circumstances the existence of continuing negotiations might provide some justification for a delay (*see, Mineroff v Macy & Co.,* 97 AD2d 535, 536). Thus, had the parties engaged in continuing and extensive negotiations with a reasonable expectation of reaching agreement, some delay might have been reasonable. As it is, however, an unembellished statement to the effect that at some point during a three-year period there were some negotiations of unspecified length and seriousness with plaintiff's subcontractor does not provide a reasonable excuse for

such a lengthy delay. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.