■ AVRAHAM WEISS et al., Respondents, v JENO KAHAN et al., Appellants. [619 NYS2d 112] —In an action to recover property damages, the defendants appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 4, 1993, which denied their motion to dismiss the action for failure to timely serve a complaint, and granted the plaintiffs' cross motion to vacate their default in serving the complaint.

Ordered that the order is reversed, as a matter of discretion, with costs, the defendants' motion to dismiss the action for failure to timely serve a complaint is granted, the plaintiffs' cross motion to vacate their default is denied, and the complaint is dismissed.

CPLR 3012 (b) requires that a plaintiff serve the complaint

within 20 days after service of a defendant's demand therefor. If the complaint is not thereafter properly served, and the defendant moves to dismiss, the plaintiff must include in his opposition to the motion both a reasonable excuse for the delay and an affidavit of merit *(see, DeSiena v Maimonides Hosp. Ctr.,* 1$3 AD2d 351, 352). In this case, the plaintiffs failed to offer a reasonable excuse for the delay, and, therefore, the motion to dismiss should have been granted.

The plaintiffs' attorney's general statement that he engaged in negotiations with the defendants' insurance company during the 13-month period of delay does not constitute a reasonable excuse for such a lengthy delay *(see, Alos Micrographics Corp. v JML Opt. Indus.,* 112 AD2d 965). Likewise, the attorney's unsupported claim that he required more time to investigate the matter because he was having difficulty in securing Fire Department investigative reports is insufficient, in light of the fact that the plaintiffs did not move, pursuant to CPLR 2004, for an extension of time within which to serve the complaint *(see, Krantz v Mendel & Son,* 89 AD2d 762, 763, *affd* 60 NY2d 667). Accordingly, under the circumstances, the court improvidently exercised its discretion in denying the defendants' motion to dismiss the action for failure to serve a complaint. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.