■ Louis Iovine et al., Respondents, v Frances H. Caldwell et al., Appellants. [627 NYS2d 129] —Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 10, 1994 in Essex County, which granted plaintiffs' motion to compel acceptance of plaintiffs' untimely reply.

In March 1993, plaintiffs commenced this action under RPAPL article 15 for a declaration, *inter alia,* that they are entitled to use of the entire length of a mapped roadway designated "E", providing access to their contiguous lots numbered 1, 3, 5, 7, 9, 11 and 13 in the Fraternaland subdivision in the Town of Schroon, Essex County. In April 1993, defendants served an answer which, among other things, asserted counterclaims (1) for judgment pursuant to RPAPL article 15 determining that defendant Hugh G. Caldwell is the fee owner of the mapped roadways in the subdivision designated "E", "G", "H" and "I" and that any right plaintiffs have to use the mapped roadway designated "E" extends only to the intersection of lots 11 and 13, and (2) for a permanent injunction restraining plaintiffs' use of a so-called "Peninsula" parcel for

access to Paradox Lake. Plaintiffs served a reply to the counterclaims on March 21, 1994. Defendants' counsel rejected the pleading as untimely, prompting this motion pursuant to CPLR 3012 (d) to compel its acceptance. Supreme Court granted the motion and defendants appeal.

Even accepting the proposition that, because the counterclaims share a factual background with plaintiffs' causes of actions, plaintiffs' verified complaint may serve as an affidavit of merits, the fact remains that plaintiffs have failed to establish a reasonable excuse for the 10-month default in service of the reply (see, Pallette Stone Corp. v Ebert, 210 AD2d 807). The excuse proffered in Supreme Court was that plaintiffs' counsel promptly prepared and forwarded the reply to plaintiff Louis Iovine, a resident of Kings County, for verification but that the pleading was not returned until late October 1993. This excuse fails to take into account, however, the substantial delay in service of the pleading following October 1993 or the fact that any one of the other plaintiffs or, if none of the plaintiffs resided within Essex County, their counsel could have verified the reply (see, CPLR 3020 [d] [3]). Further, plaintiffs' counsel's occasional communication with his adversary and "hope" that the matter might be amicably resolved does not excuse the default (see, Alos Micrographics Corp. v JML Opt. Indus., 112 AD2d 965). Under the circumstances, we conclude that Supreme Court abused its discretion in granting plaintiffs' motion (see, CPLR 3012 [d]; Bernard v City School Dist., 96 AD2d 995).

On this record, we are unable to determine the merit of plaintiffs' further assertions concerning the legal effect of a grant of judgment in favor of defendants on the counterclaims, which they would characterize as mere surplusage. Those arguments are best directed to Supreme Court in any event.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.